## Singer v. Singer.

(Decided Feb. 9, 1934.)

708

LESLIE W. MORRIS and JAMES B. FINNELL, Jr., for appellant.
FORD & FORD and BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

Ruth Cooper Osborne and T. Stewart Singer were
married on April 25, 1928. She was then twenty-one
years old and he was a few years older. They lived at
her father's house with her father and mother near
Georgetown until October, 1928. In October, 1928, her
father bought a house and lot in Georgetown for which
he paid $7,500, the deed was made to them jointly. They
then moved to the house in Georgetown. A child was
born to them in November, 1929. Her father died in
February, 1930. When the father was taken very sick,
they went to his house and stayed there until a short
time after he died, and after his death returned to their
own home. The father by his will devised to her a
farm near Georgetown, containing 450 acres. On June
13, 1930, the wife executed to her husband a lease upon
the farm for the full term of five years from March 1;
1930, in consideration, as recited therein, that he had
spent out of his own funds on the farm $5,805.58, and
had other expenses to provide for. On May 12, 1931,
she left her husband and the home in Georgetown and
went to her mother's, and on June 3, 1931, brought this

action against her husband for divorce, on the ground that he had habitually behaved towards her for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her or to destroy permanently her peace or happiness. She prayed that the husband be required to release to her all interest in the Georgetown house under the deed, also the cancellation of the lease contract and the surrender of the farm. She also prayed the custody of the child and a judgment against her husband for temporary support of herself and child, and her costs.

The husband filed answer denying the allegations of the petition and pleading a counterclaim. The issues were made up; proof was taken and on final hearing the circuit court entered a judgment granting her an absolute divorce from her husband and restoring to her all her rights as an unmarried person. She was awarded the custody of the child and the defendant was adjudged to pay her for the maintenance of the child the sum of $20 a month, but the husband was adjudged the custody and possession of the child at least one day and one night in each week; the child to be delivered to him at 5 o'clock Saturday evening and to be returned to its mother at 5 o'clock Sunday evening. She was also adjudged the owner of the house and lot in Georgetown and it was ordered conveyed to her. It was further adjudged that the wife pay to the husband $2,554.22, being the amount expended by the husband on the house and on the farm over and above his receipts, also the further sum of $3,600 as a salary for managing her farm for her twenty-four months, making in all $6,-154.22. It was also adjudged that she take nothing against him on her application for temporary alimony; that each party pay his own cost in the action. She appeals.

The proof is conflicting. The proof for the wife is that she and her husband got along very pleasantly until the fall of the year 1929; that about that time he began drinking and card playing at night, being abusive to his wife so frequently as to destroy her peace and happiness and that this continued until she left. On the other hand, the proof for him is that he was only drunk two or three times and was all right in a short time and they were getting along all right until her mother, after her father's death, told the daughter a number of false stories about the defendant, among

other things insisting he was intimate with the widow of her deceased brother, all of which was without foundation.

There is no dispute that the father bought the house and lot in Georgetown for his daughter. Her husband had the deed drawn to them jointly; the father and daughter both knew that the deed had been so drawn and the father said just let it stand. But very clearly it was property which came to the daughter from the father and on the divorce should be adjudged to her. As to the lease on the farm for five years, the husband's proof shows that while he had not expended the $5,800 at the time the lease was drawn, he did go on afterwards and make these expenditures. He was a partner in an insurance business. After his marriage, he sold this business and received for his share in it $6,000. He insists that he spent on the farm in making improvements, clearings, etc., more than this, and, according to the figures he furnished, there was a balance coming to him for his expenses, over and above his receipts, in the sum fixed by the court. He worked faithfully on the farm himself for the three years he held it, and he proved by several witnesses that $150 a month was a reasonable compensation for his services.

On the other hand the wife introduced proof to the effect that the reasonable rental value of the farm was $2,500 a year, and that much of the expenses for the improvements on the farm had been paid by her out of what she had received from her father's estate. The husband had received all of the produce of the farm and, in addition, had sold things belonging to her and used the proceeds.

By section 950-1, Kentucky Statutes, no appeal may be taken to this court "to reverse a judgment granting a divorce." The only questions therefore presented by the appeal are as to the rights of the parties when divorced.

The first question in the case is as to the competency of the husband and wife to testify against the other on these property matters. By section 606 of the Civil Code of Practice it was provided that neither husband nor wife shall testify against the other. But this section was amended by the Act approved March 22, 1926 (chapter 29), by adding "except in an action for

divorce where the grounds relied upon are those pro-- vided by section 2117, of Carroll's Kentucky Statutes, paragraphs 2, 3 and 4." But this act was amended by the act of 1930 (chapter 21), substituting for the words above quoted these words: "Except in an action for divorce where the grounds relied upon are any of those provided by section 2117 of Carroll's Kentucky Statutes," but otherwise making no change in its verbiage. The amending act left the former statute in force, just as it stood except it extended its operation to any of the grounds of divorce provided by section 2117, Kentucky Statutes. In London v. London, 211 Ky. 271, 277 S. W. 287, it was held, under the Act of March 22, 1926, that the husband and wife were only allowed to testify as to the grounds of divorce and could not testify on questions of property rights. The amendment of the Act of 1930 made no change in this respect and being in the same words must receive the same construction as five years before had been given the old act. The circuit court therefore properly sustained the exceptions to the testimony of the husband and wife on the questions here involved.

When the testimony of the husband is excluded, there is no evidence left in the record to sustain many of the items in the long complicated account presented by him, and in view of all the proof in the case, the court reaches the conclusion that the best basis for settling the account is the written lease of June 13, 1933, signed by the parties. The proof leaves no doubt that the husband in fact spent, under the lease, the full amount $5,805.58, specified in it. He enjoyed only two years of the five years specified in the contract. Upon the termination of the contract, by the judgment of the court, he should recover three-fifths of the sum he had paid or $3,483.35. He should not recover anything as a salary for managing the farm. The allowance to him of $3,600 as salary for managing the farm for twenty-four months was not warranted; the only compensation he was entitled to was for the loss of three years of the lease, $3,483.35. Upon the whole case and in view of all the facts, the court concludes that this is a just settlement of the matter.

Section 900, Kentucky Statutes, provides that in actions for alimony and divorce the husband shall pay the cost of each party, unless it shall be made to appear

in the action that the wife is in fault and has ample estate to pay the same. The circuit court granted a divorce to the wife. This was a holding that she was not in fault. Upon the whole record this court cannot disturb his judgment on this ground. The husband should therefore pay the cost of the action in the circuit court including a reasonable attorney's fee to the wife; but a large part of the record is made up of the dispute between them as to their property rights. The court has discretion in such matters in adjudging cost, and upon the whole record the court concludes that the wife should recover from the husband two-fifths of her cost, including two-fifths of a reasonable attorney's fee, to be fixed by the court on the return of the case.

On the whole case and in view of the circumstances of the parties, the circuit court did not err in refusing to make any allowance to the wife for alimony, and the court finds no substantial error in the orders as to the custody of the child. Upon a showing of any change in conditions, the circuit court at any time may make such order in regard to the custody of the child as he deems proper under the proof. It appears from the record that the circuit court adjudged the husband to pay $20 a month for the support of the child, and that he has not paid this. So far as he has not complied with the judgment of the court, this matter may be considered by the court in rendering judgment, as above indicated, in his favor for $3,483.35.

Judgment reversed and cause remanded for a judgment as above indicated.