## McDonald v. McDonald.

Sept. 26, 1939.

W. J. Baxter, Judge.

R. R. Craft for appellant.

Harvey T. Lisle and Rodney Haggard for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

Mrs. Ola C. McDonald filed suit in the Clark Circuit Court, seeking divorce against appellee, C. V. McDonald, on the statutory grounds of abandonment, living in adultery and cruel and inhuman treatment. She further therein alleged they had been associated, during their marriage, in acquiring and conducting a partnership poultry business in Winchester, Kentucky, which they were unable to operate or wind up its affairs in harmony and, by reason thereof, asked for an accounting and final settlement of their property interests therein, for maintenance pendente lite and costs.

Appellee filed both an answer and counterclaim and also an amended answer and counterclaim, in which, after denying the allegations of the petition, he asked that he be granted a divorce on the alleged grounds of plaintiff's abandonment and cruel and inhuman treatment of him. Further, he affirmatively pleaded that since the filing of plaintiff's divorce action, a mutual agreement had been entered into between them, whereby, for the purpose of settling all claims made by the one against the other, defendant agreed to turn over all his property, inclusive of his interest in the poultry busi-

ness, to his wife, who, in consideration thereof and for the like purpose of effecting a full settlement of all claims and property rights between them, agreed to and did pay the defendant therefor the sum of $200.

Upon submission of the cause for judgment, the chancellor, after hearing all the evidence, adjudged that the plaintiff be granted an absolute divorce, with an allowance made her of $2 a week alimony.

The defendant having failed to pay any of the weekly alimony allowances as directed, two rules were successively issued against him to show cause why he should not be held in contempt of court, by reason of his disobedience of its order directing his payment of alimony.

Defendant's response to the rule set out his delivery of all his property to appellant, in accordance with the terms of the settlement agreement allegedly made between them, whereby she accepted same in full satisfaction of her every claim against him; that he was sick at the time of the trial and had since remained in bad health and had been unable to earn more from his efforts made to work than was required for payment of his doctor's bills and necessary living expenses.

A reply made up the issues on the pleadings when the cause being submitted, the chancellor, after hearing the evidence, adjudged that the defendant pay to plaintiff the ordered alimony installments, unpaid and in arrears and, further, that that part of his order previously entered, requiring the defendant to pay the plaintiff alimony in the sum of $2 a week, should be set aside and held for naught.

Dissatisfied with this ruling, appellant filed motion to set aside that part of it releasing the husband from paying her $2 per week alimony and further moved that she be allowed alimony in the sum of $5 a week.

The court having overruled this motion, the plaintiff, assailing the ruling as erroneous, has appealed, insisting that the court having granted her a divorce, that the making of an allowance of alimony for her support followed as a matter of course or legal right.

Section 2122, Kentucky Statutes, reads:

"If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such

allowance out of that of her husband as shall be deemed equitable, and be restored to the name she bore before marriage, if she desires it.''

We deem it unneedful here to go into a discussion of the origin, nature and evaluation of the doctrine of alimony, for the reason that the subject is now regulated by the statute, quoted supra, and therefore, in view of its regulatory provisions setting out the circumstances and conditions under which it is provided that alimony is to be allowed the wife upon her obtaining a divorce, if she ''have not sufficient estate of her own'' for her support, it becomes our task to determine whether or not the wife can here be deemed to have sufficient estate of her own to furnish her support, in keeping with her customary manner of living, for the reason that if she has not such an estate, under the express provisions and directions of the statute, the chancellor should have, upon granting her a divorce, also made her such an allowance for her support as he, in the exercise of his judicial discretion, deemed equitable.

The evidence heard by the chancellor, as to the relative financial condition of the wife and husband and their respective income therefrom, was, according to the testimony of the wife, that while she owns a furnished home in Winchester, worth (as estimated by her) from $3,500 to $4,000, which is subject to a $500 mortgage lien, from which she can obtain, by renting a part thereof, a monthly income of around $50, and also owns the half interest in a poultry business operated as a partnership by herself and son, which was lately conveyed her by appellee, as stated supra, and the value of which she estimates to be about $2,000, that notwithstanding her ownership of said estate, the income received from this estate is insufficient to provide her support; that the income from the poultry business has been largely reduced by reason of the husband having himself, after conveying her his half interest in the business, gone into the poultry business in competition with her and her son and that, due to his long experience in conducting such business, he has largely destroyed the income value of this business property conveyed her. Also she states that she is now some sixty years of age and that, by reason of her delicate health, she is incapacitated to give the proper attention to the operation of the business, now conducted by her son as a joint owner and partner.

On the other hand, the evidence for the defendant

 s that the wife having filed both a divorce and another action against him, he, pursuant to making a settlement of all claims held by the one against the other or in accordance with the terms of such agreement, conveyed her all of his property, of whatever character, in consideration of which she released and discharged him from all her claims against him, including those made in the actions she had filed against him. He states that his half interest in the poultry business thus conveyed her was worth from $2,000 to $2,500 and that her estate yielded, in house rentals and profits derived from the poultry business, a sufficient income to furnish her ample support.

He stated further that he was around fifty-five years of age, in poor health, owed doctors' and other bills and was without estate or income other than the meager amount he, in his disabled condition, could earn from the small poultry business he is attempting to conduct.

In brief, the evidence tended to show that the wife, when obtaining a divorce from appellee, had an estate capable of furnishing a reasonably substantial income for her support, while the husband owned no estate, had substantially no income and made his home in a small room in a barn, which he rented for his business at the rate of $10 a month.

It is to be noted that the language of the statute quoted, regulating the matter of awarding alimony allowance to the wife where she obtains a divorce, is very plain and it must perforce be taken to mean and intend what it clearly states—that if the wife "have not sufficient estate of her own," she may, on obtaining a divorce, have such allowance out of the estate of her husband as may by the chancellor be deemed equitable.

Clearly this language of the statute does not mean that an alimony allowance to the wife must follow, as a matter of course or of legal right, regardless of disparity in the financial condition of the parties, merely upon the condition of her obtaining a divorce.

We do not overlook the fact that, according to the evidence, the husband appears to have much wronged his older wife, which fully warranted the chancellor's emancipating her from the chains of a humiliating marriage, due to the defendant's alleged adulterous misconduct and repeated breaching of his marital obligations to her.

While in nowise condoning this conduct, it is yet our conclusion that plaintiff's financial condition, or estate owned by her, is such as does not bring her within the terms of the statutory provision, setting out when the wife may have an alimony allowance made her out of the estate of the husband.

In accord with such view was an allowance of alimony refused the wife when obtaining a divorce, where she owned an estate held sufficient to yield her support, in the late cases of Beutel v. Beutel, 262 Ky. 805, 91 S. W. (2d) 528, and Singer v. Singer, 252 Ky. 707, 68 S. W. (2d) 34.

Further, under the allegations of defendant's answer, counterclaim and testimony, the chancellor may have concluded that defendant had turned over his property to plaintiff, by way of an agreed settlement with her of alimony, as well as all other claims she was then making against him.

But whether or not defendant's alleged transfer of his property to his wife was effective as an accord and satisfaction of her claims against him, its effect was nevertheless to vest her with all his property and income derived therefrom for her support.

Considering all the circumstances shown by the record, we are inclined to the view that the chancellor's ruling, in refusing a permanent alimony allowance, was not improper. The decision of the case turned on the credibility of the witnesses and the facts found from their conflicting testimony, which we conclude amply sustained the chancellor's finding, and therefore his judgment should not and will not be disturbed.

Judgment affirmed.