## Furgerson v. Furgerson.

May 7, 1948.

Earle M. Nichols for appellant.

Thomas E. Sandidge for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

In this action appellant, the wife, was granted an absolute divorce from her husband, appellee; and was awarded: Alimony in the sum of $18,000; the custody of their infant daughter; $75 per month for the child's maintenance; and counsel fees in the amount of $1500. Neither party objects to the custody award nor the amount allowed for the child's maintenance. As is customary in so many of these cases, however, the wife contends the alimony is insufficient and the husband insists it is too much.

The parties have built up a huge record for a case of this sort. Almost every incident in their lives from the date of marriage in 1920 to their separation in 1944 is developed by the testimony of many witnesses. The principal ground for divorce was cruel and inhuman treatment.

The wife's three grounds for reversal are: (1) The Chancellor rejected competent and material evidence; (2) the alimony awarded is inadequate; and (3) the al-

lowed attorney's fee is inadequate. The husband cross-appeals.

The parties married in 1920. The husband was employed as a garage mechanic and his wife soon obtained a bookkeeping job. They had little, if any, estate, and apparently not many prospects. However, the union prospered. The parties saved money, and soon were able to acquire a filling station. From that time on more filling stations were acquired, and the husband became a successful operator in the oil and gasoline business. Later he also entered the lumber business, and carried on various operations throughout Western Kentucky. At the time the affairs of the parties were brought into court, the husband had an estate of something between $100,000 and $150,000, and the wife had an estate of from $50,000 to $65,000. The husband and wife are each about 51 years of age.

The parties' principal places of residence and the center of their business operations alternated between Madisonville and Owensboro. They appear to own in those two cities, either independently or jointly, many houses, homes, apartments, and other pieces of real estate. For approximately two years prior to the filing of suit the wife lived in Owensboro, and the husband maintained a residence in Madisonville. However, the husband spent a great deal of time in Owensboro, although he had a separate apartment there.

Taking up the first ground of appeal, it appears the Chancellor sustained exceptions to the testimony of witnesses regarding the marital difficulties prior to five years before the commencement of the action. He apparently did so in the light of subsection 3 of section 423, Kentucky Civil Code of Practice, which requires allegation and proof: ''That the cause of divorce occurred or existed within five years next before the commencement of the action.'' We do not consider it necessary to pass upon whether or not the Court properly rejected evidence of long past events, since the wife was granted a divorce. This evidence, which has all been carefully considered, throws no light upon the only issues on this appeal.

The important question is whether or not the wife was entitled to recover any alimony, and if so, how

much? She attempted to show that from 1925 to the date suit was filed in 1944, her husband was cold, cruel, mean, non-affectionate, and a philanderer. Disregarding events of many years ago, there is substantial evidence that the husband did not in the last few years of their married life show his wife much, if any, affectionate attention. Apparently the two have not lived together as man and wife since 1940, and the record indicates that the husband permitted his business, and perhaps other interests, to take up most, if not all, of his time. We believe, in spite of his protestations, the wife proved cruel and inhuman treatment, and under ordinary circumstances would be entitled to alimony.

We are now confronted with the question as to whether or not she was entitled to alimony in view of the very substantial estate which she owns. In her testimony she estimated the fair market value of her assets at something over $51,000. The husband insists that actually her total estate (exclusive of property given to her by her father) has a value of over $65,000.

Where she acquired all of this estate is not clear. Her counsel argues that it grew out of some $20,000 worth of property given her by her father in 1932. It is apparent from the record, however, that a substantial portion of this gift was expended many years ago, and we are convinced that a large part of her estate must have evolved from her husband's properties or business interests. Until 1941 the parties always had a joint bank account and joint access to a safe where a substantial amount of cash was kept. We do not mean to imply that the wife in any sense wrongfully appropriated her husband's assets or their joint assets, but we do think it evident that she has participated in the material successes of her husband.

The wife insists the husband has an estate of $150,-000, and following the principle applied in Dayton v. Dayton, 290 Ky. 418, 161 S. W. 2d 618, she should have an alimony award of one-third of this amount, or $50,-000. The husband does not admit to the ownership of $150,000 worth of property, but did estimate the value of his assets at $101,250. He contends that the wife is entitled to no alimony because she has sufficient estate of her own.

Subsection (1), section 403.060, KRS, provides in part as follows:

"If the wife does not have sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as the court considers equitable * * *."

In McDonald v. McDonald, 279 Ky. 688, 132 S. W. 2d 49, we pointed out that the language of this statute is clear and that an allowance of alimony to the wife does not always follow as a matter of course upon her obtaining a divorce. The question, however, is what constitutes a *sufficient estate under the circumstances shown in each individual case?* This is a relative concept. The Chancellor must necessarily take into consideration the extent of the husband's estate, his earning capacity, the social position of the parties, their accustomed standard of living, the reasonable needs of the wife, and other factors. See Dodd v. Dodd et al., 278 Ky. 662, 129 S. W. 2d 166; Lewis v. Lewis et al., 289 Ky. 615, 159 S. W. 2d 995.

In the arguments for the wife, an attempt is made to show most reprehensible conduct on the part of the husband. Apparently the objective is to induce the Court to allow the wife very substantial alimony as a sort of penalty imposed on the husband. We are unaware of a case which has gone so far as to use the extraction of alimony as a retribution for the husband's sins. At any rate, this case does not present facts which would authorize an award to the wife in excess of what is commensurate with her needs, considering the financial circumstances of both parties.

In our opinion the Chancellor was justified in determining that the present estate of the wife was not sufficient. It appears to have been his view that the allowance to her of $18,000 would substantially equalize the parties. This was a fair and equitable solution to an always difficult problem, and we can find no abuse of a sound judicial discretion.

In view of section 453.120, KRS, the husband cannot object to the allowance of a reasonable attorney's fee to the wife's counsel. On the other hand, there is no merit in the wife's contention that the allowed attor-

ney's fee of $1500 is inadequate. It is true that a voluminous record was built up in this case and that a substantial amount of money was involved. However, a great deal of unnecessary evidence was introduced on the wife's behalf, and the case did not reasonably require extraordinary legal services. In our opinion the Chancellor allowed a proper and adequate attorney's fee.

For the reasons stated, the judgment is affirmed on both the original and cross-appeals.