Myrtle DENHAM, Appellant,

v.

Elmer Cain DENHAM, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1955.

Fritz Krueger, Russell Jones, Somerset, for appellant.

Joseph Montgomery, Somerset, for appellee.

CAMMACK, Judge.

This is an appeal from a judgment which granted a divorce to Elmer Denham, the appellee, and ordered the appellant, Myrtle Denham, to restore to the appellee certain property which she allegedly had reconveyed to him by deed after Elmer's transfer of the property to her. The trial court denied the appellant's prayer for a reasonable attorney's fee. On this appeal Myrtle contends that the order for restoration of the property is erroneous, because the evidence did not show a reconveyance of the property from her to the appellee. She objects also to the denial of her request for an attorney's fee.

The trial court entered a finding of fact that Myrtle Denham had reconveyed the property in question to the appellee by deed, but that the instrument had been subsequently lost, stolen or destroyed. Under CR 52.01, that finding of fact will be set aside only if clearly erroneous. The appellee testified that he conveyed the property to his wife and that she reconveyed the property to him by a deed which they agreed would be kept with his personal papers. He later found his papers ransacked and the deed missing. Thomas B. Prather testified that he wrote the deed which reconveyed the property, and that he acknowledged it. In view of this evidence, the court's finding on this issue is far from being clearly erroneous.

The appellee contends that Myrtle can not object to the denial of an attorney's fee, in view of the fact that she made no motion for the fee in the trial court and no hearing was held thereon. However, it is undisputed that the prayer of her counterclaim asked that an attorney's fee be allowed. CR 54.03 provides that all final judgments, except default judgments, shall grant the relief to which a party is entitled, even

if the party has not demanded such relief in his pleadings. The trial court should have granted the relief sought on the fee question if the appellant was entitled to it.

The record reveals that the appellant was without any means of support or property of her own. KRS 453.120 provides that in actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears, in the action that the wife is in fault and has ample estate to pay the costs. We have held under this statute that a wife, even though she be in fault, is entitled to recover her costs in divorce cases, including a reasonable attorney's fee, when she is without property and is unable to pay the costs. See Belknap v. Belknap, 265 Ky. 411, 96 S.W.2d 1012, and cases cited therein. Hence, Myrtle is entitled to a reasonable attorney's fee both in the trial court and on this appeal.

The judgment is affirmed in part, and reversed on the fee question, for proceedings consistent with this opinion.