**Laura SNIDER, Appellant,**

v.

**Roy SNIDER, Appellee.**

Court of Appeals of Kentucky.

May 24, 1957.

W. H. Fulton, Talbott & Fulton, Bardstown, John A. Fulton, Woodward, Hobson & Fulton, Louisville, for appellant.

Oldham Clarke, McElwain, Dinning, Clark & Winstead, Louisville, Gladys Williams, Williams & Williams, Taylorsville, for appellee.

CULLEN, Commissioner.

Laura Snider brought action seeking a divorce on the ground of cruel and inhuman treatment. Her husband, Roy, counterclaimed for a divorce on the same ground. Judgment was entered granting a divorce to Roy, and awarding him custody of their four-year-old boy, subject to the wife's right to visit the boy on Sundays. The wife was denied alimony, and no allowance was made for her attorney fees. She has appealed maintaining that she should have been allowed alimony and attorney fees, and should have been awarded custody of the child.

The parties were married in June 1950. Their child was born in April 1952. Shortly after the birth of the child the wife developed a mental illness, and in the next six months was under the care of psychiatrists and underwent two periods of hospitalization. In March 1953 she sued for divorce. After some proof had been taken the parties entered into a reconciliation agreement and the wife went back to live with the husband. They resided together under the reconciliation agreement from August 1953 to February 1954, during which period the wife took thirty treatments from a medical psychologist. At the end of the period the husband refused to continue to live with

her, and the divorce action was reopened and prosecuted to judgment.

The wife maintains that she is entitled to alimony, either because the court erred in granting a divorce to the husband, or because in any event she was not wholly at fault nor guilty of moral delinquency. See Coleman v. Coleman, Ky., 269 S.W.2d 730.

■ We think the evidence (which need not be detailed) concerning the wife's conduct, particularly during the six-month reconciliation period, was sufficient to sustain the conclusion that the conduct was calculated to destroy permanently the husband's peace and happiness. KRS 403.020 (4)(d). However, it is apparent that the wife's conduct was attributable in large part to her disturbed mental condition. Also, the husband was not particularly sympathetic, considerate or helpful, probably because of his inability to understand and cope with the problem.

Our divorce laws, being based on fault concepts, do not provide a very satisfactory basis for solving a marital problem such as this. As the situation stands, since we cannot reverse a judgment granting a divorce, its seems that our only question is whether the wife's conduct, whether or not involving "fault" in the true sense, has been such that she should be denied alimony.

■ Moral delinquency is not involved. Therefore, under the view expressed in Coleman v. Coleman, Ky., 269 S.W.2d 730, the wife should not be denied alimony unless she was "wholly at fault." To the extent that "fault" may be considered to be involved here, we can find in the record no basis for a reasonable conclusion that the wife was wholly at fault. Accordingly, we think she is entitled to alimony.

The husband has half-interests in a drug store and a filling station, worth around $6,600. He owns common stocks valued at $3,500 to $4,000. His annual net income is between $4,000 and $4,200. The wife has a savings account of $2,500 to $3,000, and she has been given the household furnishings. She has secured employment as a laboratory technician, at a starting salary of $50 per week.

■ Taking into consideration the estates and earning capacities of the parties, the necessity of supporting the child, the expenses for medical treatment that have been incurred, the period the parties lived together and the nature of their respective efforts towards a successful marriage, and giving some weight to the respective responsibilities of the parties for the failure of the marriage, it is our opinion that an award of $1,000 as lump sum alimony would be proper.

We consider now the question of custody of the child. The divorce decree, although awarding custody to the father, recognizes that the boy probably will remain in the home of the father's parents, where he has been continuously since he was four months old, the mother being unwilling or unable to care for him. Although the doctors testified that there has been marked improvement in the mother's mental condition, far above their original expectations, and that she is now capable of caring for the child, they recognized the possibility that she might suffer a relapse, and recommended that she continue to receive periodic psychotherapy.

■ Since some question exists as to the mother's capability of assuming full responsibility for the child, and since he is receiving excellent care in the home of his paternal grandparents, where he has been since four months after birth, we are unable to say that the chancellor erred in refusing to award custody to the mother.

■ As a part of the reconciliation agreement, the husband paid a fee of $250 to the wife's attorneys. In the final judgment, no allowance was made for their sub-

sequent services. Since it does not appear that the wife has an ample estate, the circuit court should make a reasonable allowance for the wife's attorney fees, taking into consideration the amount already paid by the husband.

The judgment is reversed as far as concerns alimony and attorney fees, with directions to enter judgment in conformity with this opinion.