Clarica PATTERSON, Appellant,

v.

James L. PATTERSON, Appellee.

Court of Appeals of Kentucky.

April 24, 1959.

Carlos B. Pope, Barbourville, R. L. Brown, Williamsburg, for appellant on appeal and appellee on cross appeal.

Charles G. Cole, Jr., Barbourville, W. L. Rose, Williamsburg, for appellee on appeal and appellant on cross appeal.

MOREMEN, Judge.

Appellant, Clarica Patterson, filed suit for divorce and alimony in the Knox Circuit Court. Appellee, James L. Patterson, counter-claimed. The court granted a divorce to the husband, but, nevertheless, granted alimony to the wife. On this appeal, she claims the allowance was not adequate.

■ Both parties based their claim for divorce on the ground of cruel and inhuman treatment and, since the appellee was granted the divorce, it necessarily follows that the court found appellant to be at fault. Ordinarily, permanent alimony will not be awarded to the wife when the husband is granted a divorce because of fault or misconduct on the part of the wife, but this rule has been qualified to the extent that it has been held if the wife is not wholly at fault and is not guilty of moral delinquency, she may be entitled to alimony although a divorce is granted to the husband. Coleman v. Coleman, Ky., 269 S.W.2d 730.

■ The trial court properly reached the conclusion, under the evidence offered, that appellant was not guilty of moral delinquency and was not wholly at fault and, since the judgment for divorce is not reviewable by this court, we are concerned only with the propriety and reasonableness of the amount of alimony awarded and with the question raised by appellant concerning costs.

The court found that the real estate and improvements thereon owned by the appellee were worth approximately $15,000, and further found:

"The record shows that the parties have no children; that the plaintiff is thirty-nine years of age and the defendant is forty-six years of age. The defendant is engaged in the trucking business and owns two trucks of the value of $3,300.00, according to the testimony of the defendant and $4,500.00, according to the testimony of the plaintiff. He also owns a 1955 sports coupe Chevrolet of the value of around $1,000.00 and in addition to this, the residence of the parties is furnished with very fine furnishings, and same has not been valued, and the parties are the owners of about five head of cattle. The defendant also owns a 1958 Ford car, of the value of around $2,500.00."

■ The court found that appellee owned the real estate because it had been given to him by his uncle, and the greater part of the improvements were paid for by appellee even though appellant had contributed toward the payment of the improvements in an amount of about $1,200. We think the court was correct in this finding.

The facts do not disclose a situation such as existed in Deaton v. Deaton, 276 Ky. 31, 122 S.W.2d 980, where the evidence disclosed that the purchase of a farm was a joint enterprise of a husband and wife, and payments on the purchase were made by both parties as were payments on improvements. It was also shown that at various times both parties obtained other employment and used their earnings, after living expenses, for payment of farm debts. In the case at bar, we find no evidence of such a joint pooling of energies and earnings. The amount which appellant had contributed in cash was more than compensated by the lump sum alimony award.

■ The alimony award was: (a) $6,000, payable in a lump sum, (b) all household furnishings (valued by appellant at $2,000), (c) a Chevrolet automobile, and (d) all livestock, valued at $400. In all, this property was worth about $9,000. The total value of appellee's estate was in the neighborhood of $30,000 to $35,000, and we believe the alimony award was sufficient particularly in view of the fact that the divorce was granted to the husband.

■ The trial court ordered that both parties pay their own costs, including the attorneys' fees. In this, we believe the court erred. Under KRS 453.120, the husband is not relieved of the costs unless it appears that the wife is in fault and has an ample estate to pay the costs. While the trial court found appellant to be at fault, the record fails to disclose that she had any estate beyond that which she will receive in the future by virtue of the judgment awarding alimony.

■ The statute, we believe, required the court to determine whether the wife had "ample estate to pay the costs," under the

conditions at the time the judgment for divorce was entered. Her estate, at that time, did not include the amounts which might be paid in the future under the judgment, and the record fails to disclose any estate of substance held in her own right during the marriage or at its termination. We are of opinion that to the extent the judgment failed to award costs and attorneys' fees, it was in error, and the case is remanded for the purpose of taxing costs to appellee and of permitting the court to award a suitable attorney's fee to appellant.

We believe the parties received a fair trial and the judgment is affirmed in all other respects, both as to the appeal and the cross appeal.

The judgment is affirmed in part and reversed in part on original appeal, and affirmed on cross-appeal.