Raymond G. HEUSTIS, Appellant,

v.

Helen HEUSTIS, Appellee.

Court of Appeals of Kentucky.

June 12, 1964.

J. P. Karem, Karem & Karem, Louisville, for appellant.

Francis Bauman, Wallace H. Manske, Louisville, for appellee.

PALMORE, Judge.

In accordance with our decision on a previous appeal of this case, Heustis v. Heustis, Ky., 346 S.W.2d 778 (1961), the trial court entered a judgment awarding the wife lump sum alimony in the amount of $49,000. Both parties appeal.

The alimony figure was based on a stipulation that the husband's equities in real estate had a fair value of $97,619 and a finding that the net worth of his business was $49,298, making a round total of $147,000. The husband's complaint is that the trial court refused to allow him, as credits toward the $49,000 alimony, $6675 paid by him to the wife pendente lite, $4000 as the value of furniture and an automobile retained by the wife, and $7650 as the rental value of the residence, which was occupied

by the wife and their son for 51 months during the course of the litigation.

In Wheeler v. Wheeler, Ky., 238 S. W.2d 1001, 1003 (1951), it was held that temporary alimony should be credited on the award of permanent alimony. In Oldham v. Oldham, Ky., 259 S.W.2d 42, 44 (1953), the Wheeler case apparently was treated as a precedent establishing a standing rule or principle to that effect. To clarify the question, we think the correct rule is exemplified by the later case of Hicks v. Hicks, Ky., 290 S.W.2d 483, 485 (1956), in which it was recognized that the allowance or non-allowance of pendente lite alimony payments as a credit toward the ultimate award is a matter to be taken into consideration by the chancellor in fixing the amount of the permanent award. For example, had he so chosen in this case the chancellor could have awarded more than $49,000 in cash alimony.[1] The record makes it clear that in fixing that amount he took into consideration, by expressly disallowing them as a credit, all such amounts as had been paid theretofore.

The same is true with respect to the automobile, furniture, and rent claim. The record leaves no doubt that the $49,000 award was meant to be free and clear of whatever the wife had received prior to the last judgment.

The trial court having considered all these items in arriving at the amount of cash alimony, they cannot as a matter of law be held deductible from it. Cf. Hicks v. Hicks, Ky., 290 S.W.2d 483, 485 (1956). We do not mean to say, of course, that they could not be considered on a review of the reasonableness of the total award. However, we find nothing to suggest that the over-all award was unreasonable or in conflict with our earlier opinion in the case.

The wife complains of the failure of the trial court to include an amount for good will in arriving at the net worth of the business. A competent witness agreed on by the parties estimated it at $50,000, or 2½ times the "profit" earned by the business in the year 1957. Admittedly, however, the profit figure did not reflect any deduction in the way of salary for the husband, who actively managed the enterprise, and was substantially higher than the earnings realized in prior years. It was shown,[2] moreover, that the good will of the particular business in question, depending largely on the relationship of the individual proprietor and being essentially nontransferable, was of highly speculative value. Hence we cannot say that the finding in this respect was clearly erroneous. No doubt, too, the chancellor took this item into consideration in declining to charge the wife's lump sum award with the property and payments theretofore received by her during the course of the litigation.

A further contention by the wife is that she should receive interest on the amount of the cash award from the date of commencement of the suit in 1957. Without passing on the question of whether the chancellor could properly have allowed interest, certainly he did not abuse his discretion in cleaving to the general rule that an unliquidated claim does not bear interest until it becomes liquidated by reduction to a judgment. Cf. Maynard v. Maynard, Ky., 251 S.W.2d 454, 456 (1952). And again, the record shows that the chancellor specifically considered this equity in rejecting the husband's claims for the various credits heretofore mentioned.

The judgment is affirmed.

---

1. It was directed in Heustis v. Heutis, Ky., 346 S.W.2d 778, 780 (1961), that the alimony be fixed at "not less" than one-third.

2. Though allowed into the record as avowals, the testimony of other witnesses on this subject was competent and evidently was considered by the chancellor in arriving at his judgment. The record does not contain any stipulation that the parties would be bound by the estimate of the witness jointly chosen by them.