**Bertha Davis O'Hara CARTER, Appellant,**

**v.**

**Charles C. CARTER, Appellee.**

Court of Appeals of Kentucky.

Sept. 25, 1964.

James W. Burns, McKee, Lester H. Burns, Jr., Manchester, for appellant.

Carl R. Clontz, Allen & Clontz, Mt. Vernon, for appellee.

PALMORE, Judge.

This is a divorce action brought by the husband on the ground of cruel and inhuman treatment. KRS 403.020(4) (d). The wife counterclaimed on similar grounds, KRS 403.020(3) (b), demanding a monetary settlement by way of alimony and property restoration. KRS 403.060. The chancellor found the wife wholly at fault in causing the incompatability and found also that the parties had not accumulated any estate during the marriage. He decreed a divorce in favor of the husband only and denied relief to the wife. She appeals.

The parties married in December of 1958 and separated less than three years later, in November of 1961. He is now 70 years old, and although the record does not disclose her age it appears from the briefs that she is in her sixties. Each of them entered this particular marital venture a battle-tested veteran, having survived two or more previous marriages.

As might be expected, the respective versions of alleged cruel treatment were entirely contradictory. The chancellor chose to believe the husband. Under the principle that if on the whole case there is substantial evidence to support a finding of fact it cannot be set aside as clearly erroneous (CR 52.01), the husband's testimony was sufficient to sustain the chancellor's decision in this respect. Cf. Denham v. Denham, Ky., 285 S.W.2d 176 (1955). Thus we cannot accede to the proposition that under the evidence the wife was entitled to the divorce and, perforce, alimony.

From a strictly literal standpoint KRS 403.060 confers a right to alimony only when the wife obtains (or, of course, is entitled to) the divorce. However, divorce proceedings are equitable actions in this state (KRS 403.010), and equity is broader than the statute. Hence it is well settled that even when the husband is solely entitled to and obtains a divorce the wife may and in some cases should be awarded alimony. Cf. Coleman v. Coleman, Ky., 269 S.W.2d 730 (1954); Patterson v. Patterson, Ky., 323 S.W.2d 862 (1959).

In Heustis v. Heustis, Ky., 346 S.W.2d 778 (1961), it was held that regardless of who is at fault in bringing on the divorce, if the wife does not have a sufficient estate in her own right and has made a substantial though indirect contribution, through performing her duties as a housewife, to the estate accumulated by the husband during their marriage, she should be compensated for it in the form of alimony. The wife relies on the Heustis principle in this case, but in view of the factual conclusion that no estate was accumulated during the marriage it is not applicable. There is, therefore, no basis on which it can be held that she was entitled to alimony as a matter of right.

At the time of the marriage the husband owned a farm, which he later sold for $17,500 and used a substantial part of the proceeds to build a home, fee simple title to which is vested exclusively in him. The wife had no property except for an automobile on which she owed $1693. The husband paid this debt and became the main user of the vehicle, as the wife could not drive. The divorce decree leaves ownership and possession of the car in the wife. The only theory on which she could have been directly entitled to a restoration of property is that some of her earnings from the operation of a restaurant during five months of the year 1959 went into the husband's home, or at least were retained by him. On this issue the husband testified that both he and his wife participated in the business and that it made "very, very little" money, all of which was consumed for living expenses, and none of which went into the home. He further testified that during the marriage it cost more for them to live than they both earned, and that his net worth is no more now than it was at the time of the marriage. On the

**402**

basis of this evidence, which, though disputed, certainly was not conclusively rebutted, the chancellor found in substance that no estate had been accumulated by the husband during the brief period of the marriage. Again, since this factual conclusion had substantial evidentiary support it cannot be held clearly erroneous. CR 52.01. Denham v. Denham, Ky., 285 S.W.2d 176 (1955).

■ Further complaint is directed at the allowance of only $200 for the services of the wife's attorney. However, the adequacy of counsel's fee cannot be considered unless the attorney to whom it is awarded is made, or makes himself, a party to the appeal. Dixon v. Dixon, Ky., 306 S.W.2d 879 (1957); Conlan v. Conlan, Ky., 293 S.W.2d 710 (1956). This was not done.

The judgment is affirmed.