**Charles Robert LEGEL, Appellant,**

**v.**

**Neva Lois LEGEL, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellant.

Raymond L. Suell, Louisville, for appellee.

CULLEN, Commissioner.

Charles Robert Legel was granted a divorce from his wife on the ground of lewd and lascivious conduct on her part. The judgment awarded the wife $10,000, purportedly as restoration of property which the husband had obtained from her during and by reason of the marriage. Charles has appealed from that part of the judgment making the award to the wife.

The parties had been married a little over 16 years, and had four children. Mrs. Legel worked for a distillery for 10 years during the marriage and earned some $17,000 in wages and other benefits which was used, along with the husband's income, for living expenses of the family. A small por-

tion of her earnings was used to make improvements on the family dwelling.

When the divorce suit was filed the assets of the family consisted of a modest dwelling, appraised at $6,500, some furniture, and two old automobiles. The wife was awarded the furniture and one of the automobiles. The dwelling was in the joint names of the parties, but since the lot had been given to them by Mr. Legel's mother and since the main cost of constructing the dwelling had been paid out of his earnings before Mrs. Legel became a wage earner, the court gave Mr. Legel full title to the dwelling. However, the $10,000 award in favor of the wife was made a lien on the dwelling.

It appears that the trial court was of the opinion that the wife could not be awarded alimony because the divorce was granted on the ground of moral delinquency on her part, but that for the money she had contributed to the family living expenses she should have some recompense, which the court chose to make under the designation of restoration of property. The appellant husband maintains that the law of restoration does not authorize the award that was made. In this contention he is correct.

Under our decisions, if the wife's earnings have gone for living expenses and have not been converted into the form of property, she has no restorable interest in property of the husband. See Heustis v. Heustis, Ky., 346 S.W.2d 778; Pearson v. Pearson, Ky., 350 S.W.2d 141. And under the restoration statute, KRS 403.065, restoration may be had only of property "not disposed of at the commencement of the action." Here, aside from the dwelling in which the trial court found the wife had no restorable interest, there was no property in existence capable of being restored. The actual effect of the purported order of restoration was to require the husband to pay the wife a sum of money out of his future earnings.

The award cannot be justified as a form of alimony because our cases authorizing alimony without regard for the wife's fault apply only to the allowance of alimony out of the estate accumulated from the income of the husband during the marriage. Heustis v. Heustis, Ky., 346 S.W.2d 778; Carter v. Carter, Ky., 381 S.W.2d 533 (decided September 25, 1964). Here there was no accumulated estate.

We think the wife was entitled, by way of restoration, to the money that she contributed to the making of improvements on the family dwelling. Upon remand of the case the trial court will determine how much money was so contributed and award the wife judgment for that amount, which may be made a lien on the dwelling.

The judgment is reversed for further proceedings in conformity with this opinion.