**Grace ANDERSON, Appellant,**

v.

**Paul ANDERSON, Appellee.**

Court of Appeals of Kentucky.

June 18, 1965.

Boyce G. Clayton, Prince & Clayton, Benton, for appellant.

H. H. Lovett, Jr., Benton, for appellee.

PALMORE, Judge.

Grace and Paul Anderson, the parties to this appeal, parted company after some ten years of marriage. Paul sued for and was granted a divorce. Grace's counterclaim for alimony was denied, and she appeals.

At the inception of the marriage Paul owned a farm in Illinois, which he later sold for $16,000. He then bought a 299-acre farm in Marshall County, Kentucky, for $15,000. His estate now consists of that farm, five cows, $1,700 in money, and an interest in a farm tractor. It was stipulated that the farm is now worth $35,000.

Both parties had been previously married, and when she married Paul, Grace owned two houses at Hardin, Kentucky, and an interest in two houses and a mill at Benton, Kentucky. She still owns all of these except for one of the houses at Hardin, which has been sold. It was stipulated that the present value of her property aggregates $35,000.

The chancellor found Grace solely at fault in precipitating the divorce, in that she refused to live on the farm with Paul, preferring to remain at her home in Hardin where they had resided together until the time of the separation. Denial of alimony was premised on the sufficiency of Grace's own estate.

Grace takes the position that under such cases as Coleman v. Coleman, Ky., 269 S.

W.2d 730, 738 (1954), Snider v. Snider, Ky., 302 S.W.2d 621 (1957), and Pearson v. Pearson, Ky., 350 S.W.2d 141 (1961), and the other precedents therein cited, the wife is absolutely entitled to alimony unless she is wholly at fault *and* guilty of moral delinquency. Each of those cases, however, was one in which the wife did not have a substantial or adequate estate of her own. KRS 403.060(1) requires an allowance of alimony if "the wife does not have sufficient estate of her own."

"In McDonald v. McDonald, 279 Ky. 688, 132 S.W.2d 49, we pointed out that the language of this statute is clear and that an allowance of alimony to the wife does not always follow as a matter of course * * *. The question, however, is what constitutes a *sufficient estate under the circumstances shown in each individual case?* This a relative concept. The Chancellor must necessarily take into consideration the extent of the husband's estate, his earning capacity, the social position of the parties, their accustomed standard of living, the reasonable needs of the wife, and other factors." Furgerson v. Furgerson, 307 Ky. 394, 211 S.W.2d 161 (1948).

At the time the evidence was taken Grace was 48 years of age. She has a high-school age daughter from her previous marriage. She has always been a house-wife and does not have any particular marketable skill. Paul's age was not shown but it is quite obvious that he is not of tender years (for example, he has a 30-year-old son) and not in good health. Grace conceded that he has a heart condition and never was able to work much during the time of their married life together. The farm is operated for the most part by his son, and Paul has not been able to accumulate any earnings from it. There was no proof to suggest that he has sufficient earning capacity to pay periodic alimony or to repay a loan if he were required to raise a lump sum.

 Grace receives $90 per month in rents from her property. During the marriage this money went into the expenses of the household, and they lived in her house. On the other hand, Paul spent $5,100 of his own in adding a room and making other permanent improvements to the house. The casual use of Grace's money for living expenses does not, of course, entitle her to an award by way of property restoration vis-a-vis alimony. Legel v. Legel, Ky., 382 S.W.2d 870 (1964).

Considering the respective estates and earning capacities of these two parties it seems to us that one is about as well off as the other. We cannot say the chancellor's determination that under the circumstances Grace has a sufficient estate of her own was clearly erroneous or an abuse of his discretion.

The judgment is affirmed.