**John T. HOEHLE, Appellant,**

**v.**

**Helen J. HOEHLE, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1965.

Charles B. Zirkle, William J. Francis, Louisville, for appellant.

Richard H. Nash, Louisville, for appellee.

WILLIAMS, Judge.

The appellee, Helen J. Hoehle, was granted an absolute divorce from her husband, John T. Hoehle, by the Jefferson Circuit Court. The husband appeals from that portion of the judgment which awarded property and alimony to the wife, and ordered certain restoration by the husband.

The parties were first married in 1936. Two sons were born of the marriage, both of whom are emancipated. The parties were divorced once before for a short time, but remarried in 1953. At the time of this divorce they had accumulated very little property although they had sent their two sons through college. The chancellor awarded all of the household goods, the house and lot, and the automobile, to the wife. In addition, the husband was directed to restore to the wife the sum of $16,000, subject to a credit of $4,000, and to pay alimony to the wife in the sum of $20 per week.

The household goods were awarded to the wife in the first divorce judgment. The automobile was purchased by the wife and was being paid for out of her salary. The wife made the down payment on the house and was making the payments on the mortgage. What she was awarded was the equity in the house, with the duty of keeping the mortgage payments current. We can find no error in the lower court's finding and judgment regarding the above-mentioned property.

The wife agrees that the restoration award was erroneous. "Under our decisions, if the wife's earnings have gone for living expenses and have not been converted into the form of property, she has no restorable interest in property of the husband." Legel v. Legel, Ky., 382 S.W. 2d 870 (1964); Pearson v. Pearson, Ky., 350 S.W.2d 141 (1961); Heustis v. Heustis, Ky., 346 S.W.2d 778 (1961).

The husband's net income is $94.13 per week. The lower court awarded $20 per week alimony which the wife says should be more, especially in view of the fact that the restoration awarded her is now being taken away. Whether the $20 per week alimony is sufficient under the present circumstances is a matter which addresses itself to the discretion of the trial court, and may be brought before it by proper motion.

The judgment is reversed insofar as it orders restoration by the husband to the wife. The judgment is affirmed in all other particulars.