Mary Valda TANNER, Appellant,

v.

William West TANNER, Appellee.

William West TANNER, Cross-Appellant,

v.

Mary Valda TANNER et al., Cross-Appellees.

Court of Appeals of Kentucky.

April 25, 1969.

As Modified on Denial of Rehearing
June 27, 1969.

William P. Mulloy, Kenny Grantz, Louisville, for appellant and cross-appellees.

Robert G. Breetz, Stites, Peabody & Helm, Louisville, for appellee and cross-appellant.

DAVIS, Commissioner.

This is a divorce action in which the plaintiff-wife appeals from the judgment which awarded divorce to the defendant-husband, asserting that (1) the divorce should have been awarded to her and not to the husband; (2) the court's allowance of $20 per week in support of a minor child is grossly inadequate; (3) the court erred in awarding only $5,000 to the wife as alimony and restoration of property; (4) the court improperly allowed a credit to the husband of $100 per month for each month since December 1965 during which the wife and child occupied the residence of the parties; (5) the court improperly awarded to the husband a jointly owned residence and some of the furnishings in it; and (6) a reasonable allowance should be made to the appellant to defray the expense of her attorney on this appeal.

The husband has cross-appealed urging that (1) the trial court should not have allowed any alimony to the appellant; (2) the court should not have directed payment of an attorney's fee for the wife by the husband; and (3) no attorney's fee for services on appeal should be allowed.

The parties were married in 1950 and lived together, more or less continuously, until December 12, 1965, when the husband left the wife. One child was born of the marriage, a son who will be eighteen years old on May 18, 1969.

The divorce action before us was instituted by the wife on December 15, 1965, three days after her husband left home. The ground asserted was cruel and inhuman treatment. KRS 403.020(3) (b). In her complaint the wife sought alimony and maintenance *pendente lite* for herself and child in a sum of not less than $100 per week. She also asserted entitlement to a residence deeded to her and her husband jointly, as well as the furniture and furnishings in it. The wife asked to be awarded the custody of the child.

The husband answered and counterclaimed, asserting his ground for divorce as cruel and inhuman treatment within the purview of KRS 403.020(4) (d). He prayed that the wife's complaint be dismissed and that she take nothing as alimony or restoration and sought custody of the child for himself.

The litigation proceeded somewhat spasmodically and finally came to judgment on July 12, 1968. As noted, the chancellor awarded a divorce to the husband. In his findings of fact and conclusions of law touching this point, the trial judge recited:

"The plaintiff has habitually behaved toward the defendant for not less than six months in such a cruel and inhuman manner as to indicate a settled aversion to him and such as to destroy permanently his peace and happiness, in that she has repeatedly refused him the love and affection due him from her, and has will-

fully interfered with their marital relations by her activities with other men."

In awarding custody of the child to the wife, the court remarked:

"Although the conduct of the plaintiff with respect to the defendant has been gravely in error (and the defendant himself is not found to be totally without fault in this regard), the Court finds that the welfare of this child is best to be served by placing his custody with the plaintiff, who is a fit and proper person for such trust, it further appearing that said child at the age of 15 acknowledged in open court that he preferred to live with his mother."

The court then directed that the husband should pay to the wife for the support of the child the sum of $20 per week, subject to further order of the court. Then the trial court recited:

"In view of the substantial contributions of the plaintiff, both by services and by application of her considerable earnings over the years, she is entitled to alimony and restoration in the sum of $5,000.00, to be paid at the rate of $25.00 per week by the defendant, with said gross sum being subject to a credit in favor of the defendant to be computed by taking the number of months during which the plaintiff has occupied or had possession of the residence of the parties * * * during the period beginning December 15, 1965, and ending when the plaintiff removes herself and her possessions from subject property, and multiplying said number of months by $100.-00, with the resulting product to be deducted from said lump sum alimony."

As an additional allowance, the court directed that the wife should retain a 1959 Ford automobile and certain furniture and appliances not including a television and stereo phonograph. It is provided in the judgment that the residence, title of which was in both parties, should be the sole property of the husband. The court then allowed the wife an attorney's fee payable to cross-appellee, Honorable Kenny Grantz, in the sum of $500.

It would serve no beneficial purpose to recount in detail the charges and counter-charges presented in this acrimonious divorce case. There was some evidence that the wife had deported herself indiscreetly, to say the least, on some few occasions, and there was evidence which would warrant an inference that the husband may have done likewise. The trial court made no specific finding of moral delinquency against the wife, although the euphemistic phraseology that she "has willfully interfered with their marital relations by her activities with other men" may reasonably be construed as reflecting the chancellor's finding that the wife had been guilty of moral delinquency. On that premise the appellee-husband, in his cross-appeal, contends that the wife should not have been awarded any alimony and relies on Coleman v. Coleman, Ky., 269 S.W.2d 730; Patterson v. Patterson, Ky., 323 S.W.2d 862; and Carter v. Carter, Ky., 382 S.W.2d 400. None of those decisions appears squarely controlling on the point in question. In Traughber v. Traughber, Ky., 434 S.W.2d 643, we pointed out that our cases have held that comparative fault is not a crucial factor in fixing alimony, although moral delinquency is a particular type of fault which will affect the amount of an alimony allowance. In Traughber, the trial court specifically found that the wife had been proven guilty of lewd and lascivious conduct, but we noted that an allowance to the wife out of the estate accumulated during marriage was not absolutely barred by a showing of the wife's moral delinquency, and relied upon Legel v. Legel, Ky., 382 S.W.2d 870.

It was shown that the husband has earnings somewhat in excess of $12,000 per year, and it was also shown that the wife had been gainfully employed during much of the duration of the marriage. About all that might be said to have been accumulated during the marriage was the equity in the residence property deeded jointly to the parties. The chancellor did

not specify what portion of the $5,000 awarded the wife was deemed to be alimony and what portion was considered restoration. In our view the fault of the wife, if it be specifically regarded as amounting to "moral delinquency," was not so pervasive as to utterly destroy her right to restoration and some allowance of alimony. In view of the substantial earnings of the husband, when considered with the relative lack of accumulated estate, it might be said that the case at bar is hardly one for a lump-sum allowance. The chancellor recognized this by fixing a lump sum payable in modest weekly installments. In consideration of all the circumstances of the case, we conclude that the chancellor did not abuse his discretion in fixing the allowance as he did, nor do we perceive that his findings of fact are clearly erroneous.

We regard the fixing of a credit of $100 per month as an improper ruling, since its basic effect is to negate substantially the *pendente lite* allowance already made. While it is true that the chancellor may properly consider *pendente lite* payments in fixing a permanent award, as noted in Heustis v. Heustis, Ky., 381 S.W. 2d 533, 535, it is our view that the allowance of any credit against such a small overall award was erroneous in the circumstances of the case at bar. The inordinate duration of the litigation does not appear to have been attributable to dilatory tactics of the wife, and we regard it as inequitable to charge her $100 per month for occupying property of which she was then the owner of an undivided half and in which she furnished a home for the child of the parties.

The appellee points out that in Legel v. Legel, Ky., 382 S.W.2d 870, and cases there cited, we held that if the wife's earnings have been expended for living expenses and not converted into the form of property, she has no restorable interest in the property of her husband. In Legel, the trial court found that the wife had no restorable interest in a dwelling. In the present case

the trial court did not make a specific finding as to how much of the wife's income was restorable as being represented in the equity in the house. Yet the chancellor did characterize the wife's participation in the finances of the family as "the substantial contributions of the plaintiff, both by services and by application of her considerable earnings over the years." In this state of the record, we do not consider that Legel v. Legel and cases of that tenor control.

Turning now to the other questions presented by the appellant, we conclude that there is no merit in the wife's contention that she should have been awarded the divorce rather than her husband. Our review of the record discloses substantial evidence to sustain the court's finding in favor of the husband as to the ground for divorce. The finding is not clearly erroneous and will not be disturbed. CR 52.01.

We are inclined to agree with the appellant that the allowance of only $20 per week for support of the child was significantly inadequate. Appellant points to Robinson v. Robinson, Ky., 363 S.W.2d 111, in which we held that an allowance of $20 per week for the support of *two* children was clearly insufficient even though the husband earned but $60 per week. In the present case the allowance for the child was double that fixed in Robinson, but the husband here has earnings about three times as great as was true in Robinson. Our conclusion on this point must be tempered by the reality that the child will become of age before the mandate in this case can issue. As a practical matter, it seems apparent that the child has "made it" so far on the allowance of $20 per week. We are mindful of the reasonable probability, as appears from the record, that to some extent the ability of the wife to provide for the child required her supplementing the weekly allowance of $20. We have considered this factor in determining that it was error for the trial court to grant a

credit to the husband during the pendency of the action.

We have already considered the allowance of $5,000 and the portion of the judgment directing credit of $100 per month.

■ We are unable to find merit in the wife's contention that the court should have awarded the residence to her. The distribution of the relatively small amount of personal property appears equitable. The allowance of $5,000 to the wife, when considered with the equity of about $8500 in the house, was certainly not inadequate in the circumstances.

■ As to the matter of attorneys' fees, there was no error in the trial court's allowing $500 fee to the wife's attorney for services rendered in the circuit court. The court correctly found that she did not have sufficient estate of her own to pay the costs. The husband does not present any argument in his behalf attacking the allowance of the fee to cross-appellee, Kenny Grantz, and we deem that portion of the cross-appeal as abandoned.

■ The wife is represented here by other counsel who asks this court to fix a fee of $1500 for his services on appeal. The matter of fixing a fee for the services of the attorney on appeal is one which addresses itself to the circuit court. Francisco v. Francisco, Ky., 331 S.W.2d 279. We express no opinion as to what allowance will be appropriate in the circumstances.

On the original appeal the judgment is reversed insofar as it directs that the appellee be given any credit on the alimony allowance, and it is affirmed in all other respects. On the cross-appeal the judgment is affirmed. The trial court will enter such supplementary judgment and orders as may be appropriate and consistent with the opinion.

All concur.