**Marie B. KIDD, Appellant,**

v.

**Ernest KIDD, Appellee.**

Court of Appeals of Kentucky.

Nov. 28, 1969.

appellant, Marie B. Kidd, with cruel and inhuman treatment. Marie counterclaimed, seeking divorce, alimony, attorney fees, and all costs. The trial court found each to be in fault and granted each a divorce, adjudged no alimony, and directed that each party pay own attorney fees and one-half of the court costs. Marie appeals, seeking alimony, attorney fees, and her costs.

The parties were married in 1958. At the time of the trial, Ernest was 64 years of age and Marie was 59. Each had been married previously. At the beginning of the marriage, each owned real and personal property. Ernest owned 3.5 acres of land with improvements, including a dwelling where the parties lived. He also owned a grocery store. Marie owned a house and lot that she had received in a previous divorce settlement. In 1962, Ernest sold the grocery for $37,250, giving as reasons his advancing age, a "leg problem," and his planned retirement on social security. He paid all his debts, including about $11,000 owed on his real estate. He also paid for Marie about $1,900 owed on her automobile. At the time of the trial, the real property belonging to Ernest was valued by him at $30,000, and by expert witnesses at $35,000. Marie owned a house and lot valued at $19,500. Her equity in this property was $11,500, as she owed on this property $8,000, secured by a mortgage.

Ernest receives about $137 a month from social security. He has no other income of substance, though he does engage in breeding and selling bird dogs.

Marie earns about $172 a month, lives with her mother, owns her own car, and rents her property for enough to make monthly payments on the mortgage. During the marriage, Marie worked in the grocery store and was paid wages of $25 to $30 a week. After the sale of the store, Marie obtained other employment.

Marie now seeks to have this court partially heal her financial wounds suffered in the long, hard-fought, costly battle between the parties in the trial court.

William J. Weaver, London, for appellant.

J. Milton Luker, Luker, Luker & Roberts, London, for appellee.

NEIKIRK, Judge.

Divorce action was filed by appellee, Ernest Kidd, on October 5, 1967, charging

This is not an easy task. At first blush, it would appear that we should leave the parties as judged by the trial court. If one seeks to find well-established, definitive, applicable rules and standards to apply to each case based on its set of facts, our decisions in cases involving alimony leave much to be desired. We place great emphasis on the discretion of the trial court. We have said numerous times that we will not disturb findings of fact unless they are clearly erroneous. We have stated that we must look to the set of facts in each case. We use in each case the applicable statutes. From the nature of the problem, no fixed rules or formulae can be substituted for a careful study of the facts and circumstances of each case. Ordinarily such procedure achieves a just result.

Examining the facts and circumstances in the instant case, we find that we have two mature parties, each of whom has been previously married. Each owned real and personal property at the time of this union. During the marriage, Marie supported herself. Ernest paid the household bills. The real and personal properties were kept separate. Ernest is retired and his only income is social security and possibly some small earnings. Marie is gainfully employed. Ernest's net worth is at least $30,000, and Marie's is $11,500.

If the evidence authorizes the granting of a divorce to the wife, she may obtain alimony from her husband if she does not have sufficient estate of her own. KRS 403.060(1). Johnson v. Johnson, Ky., 438 S.W.2d 493 (1969).

In Scott v. Scott, Ky., 433 S.W.2d 631 (1968), we said:

"The husband contends that the wife's estate is sufficient within the meaning of the statute and she is therefore not entitled to receive alimony. 'This court has construed "sufficient estate of her own" as used in KRS 403.060, to mean that the wife's estate must be of such character and amount as will yield income or profits sufficient for her comfortable maintenance in a style suitable to her social standing, without her being required to consume the principal.' McLaughlin v. McLaughlin, Ky., 405 S.W.2d 22. * * "

■ Marie's estate is $11,500. If this were converted into cash and invested at 7% per annum, it would yield only $805 per year. We cannot say that this is a sufficient estate.

■ Ernest contends that Marie was in fault and thus is not entitled to alimony. The trial court found each in fault, so that factor may not be invoked by one against the other. Clark v. Clark, Ky., 425 S.W.2d 745 (1968).

■ Not being wholly in fault, Marie is entitled to alimony. Snider v. Snider, Ky., 302 S.W.2d 621 (1957); Coleman v. Coleman, Ky., 269 S.W.2d 730 (1954).

■■ Marie was granted a divorce and thereby became entitled to an allowance for alimony as a matter of law. Singer v. Singer, Ky., 440 S.W.2d 783 (1969).

KRS 453.120 says:

"In actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs."

We have held that even though the wife is in fault she must in addition have an ample estate before she may be required to pay attorney fees and costs. Patterson v. Patterson, Ky., 323 S.W.2d 862 (1959).

We find that Marie does not have an ample estate. It follows that Ernest, in the words of the statute, "shall pay."

The problem of amount of alimony plagues all trial courts, as it does this court. We sometimes have set these amounts. At other times we have held alimony, its amount, and the method of its payment to be matters within the sound discretion of the trial court. One of our cases so holding

is Ballard v. Ballard, Ky., 411 S.W.2d 330 (1967).

The trial court erred in not awarding alimony, reasonable attorney fees, and costs to the appellant, Marie B. Kidd. We feel that we should not set the amount of alimony but should leave this determination to the trial court. We would suggest that the alimony be a relatively modest lump sum, to be paid in monthly installments. The court should allow reasonable attorney fees and costs to the appellant.

The judgment is reversed with directions that the trial court enter another judgment in conformity with this opinion.

All concur.