**Keene Hicks SCRIVNER, Appellant,**

v.

**Edgar B. SCRIVNER, Appellee.**

Court of Appeals of Kentucky.

April 24, 1970.

G. Murray Smith, Jr., Richmond, for appellant.

Clay Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellee.

CULLEN, Commissioner.

The sole question raised on this appeal is whether the circuit court, in its judgment granting the appellant wife a divorce from the appellee husband, erred in not requiring the husband to repay to the wife, in monthly installments out of future income, a sum of money which he had obtained from the wife during the marriage and had used to pay some of his individual debts.

The parties were married in August 1967 (the divorce came two years later). In August 1968 the wife received a cash inheritance of $6,000. The husband used $2,752 of the money with which to pay off two personal notes. The wife does not claim that this was done without her knowledge or consent, nor does she claim that there was an understanding that the husband was to repay the money to her. Her argument is that she is entitled to have the money paid back to her by way of *restoration* under KRS 403.060(2).

In Legel v. Legel, Ky., 382 S.W. 2d 870, we held in substance that in order for there to be a restoration there must be property in existence capable of being restored. To the same effect are Anderson v. Anderson, Ky., 392 S.W.2d 45, and Hoehle v. Hoehle, Ky., 397 S.W.2d 161. In the instant case the property in question (the money) had been used up and had not been converted into other property.

Lest the application of the *Legel* principle in the instant case be considered to produce an unfair result we hasten to point out that the trial court had before it the full financial picture of the marriage and in granting *alimony* the court presumably took into consideration the respective financial contributions of the parties. See Heustis v. Heustis, Ky., 346 S.W.2d 778, and Cox v. Cox, Ky., 343 S.W.2d 395. The wife has not sought a review on appeal of the part of the judgment that granted alimony, and we feel that we cannot properly review the restoration question as something entirely separate and apart from alimony considerations.

The judgment is affirmed.

All concur.