## ROBERTS v. ROBERTS.

Court of Appeals of Kentucky.

May 14, 1954.

V. R. Bentley, Pikeville, for appellant.

Francis M. Burke and Sidney Trivette Pikeville, for appellee.

CAMMACK, Justice.

Mrs. Flottie Roberts, who was granted a divorce from Elbert Roberts, is appealing from that part of the judgment which determined the property rights of the parties.

The Robertses were married in 1921. They had six children. Their only dependent at the time of the filing of the divorce proceeding by the husband was Mary Ruth Roberts, who was 17 years of age. At the time of their marriage neither party had any property or money, but over the 31 years of their marriage they accumulated a sizeable amount of property and money, the

combined total being approximately $52,000. In her answer and counterclaim Mrs. Roberts asked for an absolute divorce; the household furniture; one-half of all the property; and $15,000 in alimony. The court found the value of the six parcels of real estate to be $23,800 and that of the personal property, consisting of a restaurant business, cash, eight U. S. Government bonds, vehicles and household furniture, to be $28,100, making a total of $51,900.

The court gave Mrs. Roberts one-half interest in one $750 bond, purchased jointly, plus accrued interest thereon; $500 for a fee for her attorney; $25 per month for the support and maintenance of Mary Ruth Roberts and medical expenses not to exceed $300 for any one year until she reaches the age of 21, or ceases to be a dependent; $175 for accrued support and maintenance; $4,000 in cash as alimony and maintenance; a Pontiac automobile for Mary Ruth Roberts; $50 per month alimony; $50 for a former attorney's fee; a brick home with all the furniture therein; and 100 acres of land for her use during her lifetime. All the remainder of the property was awarded the appellee.

The appellant objects to the property settlement on the grounds that she was entitled to one-half of the real property because all of it was acquired through the couple's joint efforts; at the time of purchase of each tract of land it was supposed to have been put in their names jointly, when in fact all but one small tract was taken in the appellee's name; and one-half of the personal property should have been awarded her because it also was accumulated through their combined efforts and because of a partnership agreement.

The appellant's testimony in substance was that she earned money by keeping boarders; taking in washing; selling milk; taking care of the mine ponies; and doing all the gardening and farming. The money realized from her labors was given to the appellee to bank and buy real property. She said further that she and her daughter, Mary Ruth, along with the appellee, opened

a restaurant under a partnership agreement, in which she and her daughter and the appellee were to work and share in the profits equally; and that all of them did work, but the appellee kept most of the money. This constituted the basis for her claim to one-half of all the property.

The appellee's evidence showed that he was a good businessman, and that through his shrewd business dealings he was able to accumulate all of the property. He said also that his wife did no more work than did the average married woman in the community where they lived. He denied that there was any agreement to take title to any of the real estate jointly in his and his wife's name. There was no evidence other than that of the parties on this point.

We are convinced from our examination of the record that the chancellor made an equitable disposition of the properties. Johnson v. Johnson, Ky., 255 S.W.2d 610.

Judgment affirmed.