**Jessie Carroll RALSTON, Appellant,**

v.

**L. G. RALSTON, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

John W. Coomes, New Castle, for appellant.

Julia M. Thomas, Thomas & Thomas, New Castle, William A. Carter, Bedford, for appellee.

HILL, Judge.

The judgment appealed from granted plaintiff, now appellee, a divorce on the ground of cruel and inhuman treatment, although it found that both parties were at fault. It awarded the appellant-wife $150 monthly alimony and "her choice of furniture" for another home; allowed a $750 attorney fee for appellant's attorney; and awarded the "joint and concurrent" custody of their twelve-year-old boy to the father and mother with an option to the boy to choose the parent with whom he desired to reside. The wife appeals from all parts of the judgment except that part granting divorce. Appellee, the husband, cross-appeals from the parts of the judgment awarding alimony and part-time child custody to the wife and allowing the wife to choose the household goods.

The parties were married May 4, 1935, in Madison, Indiana, and lived together until July 29, 1963. Two male children were born to their marriage. The oldest, age twenty-seven, emancipated and married, does some partnership farming with his father. The younger son was past eleven at the time the answer was filed in August 1963. By the time this opinion is handed down, he will be nearing his fourteenth birthday. This is pointed out in connection with the issue of custody of the young son, which we discuss later.

Appellant first complains she was entitled to a lump sum alimony in lieu of the $150 monthly alimony provided in the judgment. Appellee counters with the argument that appellant is not entitled to any alimony, lump sum or monthly, because he contends she has by her conduct forfeited any right she may have had to alimony.

The chancellor found, under his findings of fact, that appellee owned real estate valued at $60,000 and personal property worth $18,000 and owed $30,000 for a net worth of $48,000.

█ In resolving the question of alimony, we must keep in mind CR 52.01 which provides that findings of fact will not be set aside unless clearly erroneous. Without detailing the evidence, some of which would be uninteresting family history, we readily conclude that the finding that the wife is entitled to alimony is not clearly erroneous. In fact, it is abundantly supported by the evidence. Our question is whether the judgment is erroneous in not awarding lump sum alimony in lieu of a $150 monthly allowance. We think it is.

In Yung v. Yung, 294 Ky. 369, 171 S.W. 2d 1017, 1019 (1943), this Court said: "As a general rule on decree for absolute divorce, alimony should be allowed to the wife in a lump sum if the character of the husband's estate will permit it to be done."

In the late case of Heustis v. Heustis, Ky., 346 S.W.2d 778, 779 (1961), the husband was granted a divorce on the grounds of cruel and inhuman treatment and directed to pay $125 monthly alimony. This Court in reversing the judgment and allowing the wife a lump sum of not less than one-third of the net estate said:

"Except in flagrant instances fault is not a very sound basis for determining alimony anyway, and in the case of Coleman v. Coleman, Ky., 1954, 269 S.W.2d 730, this court clearly and cleanly departed from the theory that it is."

\*　　\*　　\*　　\*　　\*　　\*

"Lump sum settlements are favored where the husband has sufficient estate to insure payment."

See also Porter v. Porter, Ky., 394 S.W.2d 456 (1965).

█ From a casual reflection upon the history of the rights of women in Kentucky, it is apparent the laws have been written by and for men. We have no statute providing for community property rights of man and wife. With the emancipation of women has come a gradual change in the law pertaining to alimony, so that recently equitable principles are favored. Of course, numerous factors are involved, including the value of the husband's estate, his income, age, health, capacity and ability to labor, and the extent to which the wife has been instrumental in helping to accumulate his estate. The wife's age, health, station in life, the time she has devoted to the marriage, having and caring for a child or children, and other circumstances must also be considered.

In the present case, the parties commenced their marriage with little of this world's goods. While the husband has shown considerably more industry and thrift than the wife, it cannot be said she has not contributed substantially to the accumulation of a considerable estate. She is not required to work in the field. She produced two sons for the husband, kept his home fires burning, devoted over twenty-eight of the best years of her life to the marriage and in many ways carried the daily burdens of home life, which is essential to a successful and happy marriage. It is true the wife in this case was guilty of serious and undermining conduct the year or so previous to the separation. She contends, with some apparent justification, the husband contributed to her delinquency; that he placed accumulation of property above the happiness and welfare of their home life; that he made large quantities of moonshine whiskey and urged her, against her will, to sell it. As noted above, the chancellor found both at fault. We are

not inclined to speculate on the degree of fault. That is to be determined in the next world. It is sufficient to say here that the misconduct of the wife is not sufficient to deprive her of the right to alimony, and that in a lump sum. We are mindful of the many elements the chancellor took into account in determining alimony and the manner of its payment, including the propensities of the parties for saving and the numerous other elements listed above. (Although the court is under no duty to prevent one from squandering his estate if he so desires.) However, there are others. Under the system of monthly alimony, the husband could conceivably dispose of his estate, become disabled or intentionally reduce his earning power, thereby totally defeating the right of the wife to alimony. The rights of the wife if not clearly forfeited by her conduct are too clear and absolute to be speculated with. There is no question as to the appellee's ability to pay a lump sum alimony judgment.

We conclude the appellant is entitled to the allowance of lump sum alimony in an amount not less than one-third of the net estate of the husband. On a remand of this case the chancellor will either use the value of the estate found in his findings of fact, or in his discretion allow the parties to take further proof regarding the net value of the estate and enter judgment as indicated above. It goes without saying that the manner of paying such a lump sum amount must be left to the discretion of the chancellor. Appellee may be entitled to a reasonable time to pay.

Next, we consider the question of custody of the child now past thirteen years of age. As indicated above, the judgment gave "joint and concurrent" custody to the husband and wife, with option given the boy to make his own determination as to which parent he would live with. Under ordinary conditions we condemn such a provision for custody of any child. The evidence indicates that neither father nor mother have much control over this boy.

It is shown he was brandishing a pistol which neither the father nor mother was able to get away from him. Joint custody is not likely to correct this lack of control. In view of the lapse of over a year since the judgment, we think the chancellor should re-examine the situation with respect to the custody of the boy and make such order as the circumstances justify.

The part of the judgment allowing the wife to "select furnishings for a home" should be set aside and a definite allowance made.

Finally, appellant contends that $750 attorney fee is unreasonably low and she is entitled to at least $1,500 for the benefit of her attorney. In view of our conclusions heretofore expressed, the chancellor will fix a reasonable fee for appellant's attorney based on the usual rules for determining attorney fees.

The judgment is accordingly affirmed in part and reversed in part in conformity with this opinion.