**Clarine BALLARD, Appellant,**

v.

**Kyle Lee BALLARD, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1967.

Sandy Paniello, Louisville, for appellant.

Allen R. Brown, Louisville, for appellee.

MONTGOMERY, Judge.

Clarine Ballard was granted a divorce from Kyle Lee Ballard. She appeals from that part of the judgment awarding her alimony in the sum of $2,000, payable in weekly installments of $10 each without interest.

Appellant also received title to the real property which had been owned jointly, subject to the mortgage indebtedness. The

equity was valued at less than $1,000. She also received all of the furniture and household furnishings. The custody of their only child, a son aged nine years, was awarded to her. Appellee was ordered to pay $25 per week for his support. They retained their respective cars. Certain accounts owed by each of the parties were to be paid by the respective debtor. Appellee was ordered to pay the costs, including $400 for the services of appellant's attorney.

The parties were married in March 1951, and separated April 4, 1964. Appellant had been employed as a telephone operator for "American (sic) Telephone & Telegraph Company" for thirteen years. Her gross income amounted to about $4,000 per year. Appellee had worked for the General Electric Company for eleven years at a gross salary in 1964 of $8,416.90. His income previously had been about $10,600. Appellant claims that appellee's income for 1964 would have been more if he had worked overtime. Each had a small payroll savings plan.

 In Jones v. Jones, Ky., 382 S.W.2d 842, the facts are similar to the present case in respect to lump sum alimony to be paid in installments. Such an award was upheld because the husband had no estate out of which he could pay the entire sum allowed at one time but had the earning capacity to enable him to pay the installments. Such is the case here.

Appellant takes an inconsistent position by arguing that allowance of a lump sum is unreasonable because appellee had no estate and in the next paragraph contending that " * * * the ruling should have been an award of $2,000.00 lump-sum alimony, and in addition thereto, permanent alimony in the sum of $10.00 per week."

The amount of alimony to be awarded and the method of payment are matters within the discretion of the Chancellor. Hicks v. Hicks, Ky., 290 S.W.2d 483; Boggs v. Boggs, Ky., 330 S.W.2d 118; Ralston v. Ralston, Ky., 396 S.W.2d 775.

The exercise of such discretion will not be set aside unless it is shown to be clearly erroneous. Somerville v. Somerville, Ky., 339 S.W.2d 940; Peavy v. Peavy, Ky., 351 S.W.2d 869. An abuse of discretion has not been shown.

Appellant finds fault with the action of the Chancellor in providing that certain debts should be paid by her. It was also provided that appellee should pay certain other debts. It is contended that the agreement was intended to be temporary. The Chancellor made it final in the judgment as a part of the adjustment of the affairs of the two parties. No error is found in this. It is unnecessary to consider other questions raised.

Judgment affirmed.

STEINFELD, J., not sitting.