**Dallas G. HOWARD, Appellant,**

**v.**

**Betty Lynn HOWARD et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1967.

Thomas D. Shumate, Shumate, Shumate & Flaherty, George W. Robbins, Richmond, for appellant.

James S. Chenault, Chenault, Coy & Sword, Clay Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellees.

WADDILL, Commissioner.

Appellant, Dallas Howard, instituted this action seeking a divorce from appellee,

Betty Howard, on the ground of cruel and inhuman treatment. Betty counterclaimed for a divorce on the same ground and asked for lump sum alimony of $30,000, the custody of their son, and for the payment of the costs of the action. Insofar as pertinent herein, the chancellor granted Betty an absolute divorce, awarded her alimony in a lump sum of $23,310, and ordered Dallas to pay the costs of the action, including a fee of $2,000 to the attorneys representing her.

Dallas contends that the sums awarded for alimony and attorneys' fees are excessive and are based upon erroneous findings concerning the value of his property.

■ The allowance of alimony, the form of its payment, and the fixing of attorneys' fees are matters resting in the sound discretion of the chancellor and are to be decided upon the peculiar facts of each particular case. Petrie v. Petrie, Ky., 262 S.W.2d 182; Dalton v. Dalton, 304 Ky. 223, 200 S.W.2d 469. With this rule to guide us, we consider the contentions urged on this appeal.

Dallas and Betty were married on June 1, 1948, and are now 43 and 35 years of age, respectively. They have one child, Michael, who is now about seventeen years of age. Although there was uncontradicted testimony that in recent years Betty had flagrantly neglected her duties to her family, the chancellor found that she, rather than Dallas, had established grounds for divorce and predicated the award of alimony upon a finding that Dallas' net worth was not less than $55,500.

■ Some of the important factors that properly should be considered in fixing alimony are the value of the husband's estate, the ages, health and earning capacities of both the husband and wife, as well as their station in life and the length of time of their marriage. Ralston v. Ralston, Ky., 396 S.W.2d 775; Hicks v. Hicks, Ky., 290 S.W.2d 483. The record in the instant case reflects that the chancellor observed most of the appropriate factors. Thus, the only questions for us to consider with regard to alimony are whether the evidence supports the finding of Dallas' net worth and whether 42% of that amount is an excessive award for Betty under all the circumstances presented.

Dallas' testimony is the only evidence concerning the value of his property. He valued a house he owns in Wallace Court Subdivision, Richmond, Kentucky, at not more than $21,500, while the chancellor valued it at $23,000; Dallas valued his residence in Richmond at $20,000 to $21,000, while the chancellor fixed it at $21,500; and Dallas placed no value on his furniture, while the chancellor listed it at $1,500. In light of the evidence, Dallas' property was overvalued by the chancellor in the amount of $3,500 and, therefore, his net worth is $52,000.

■ Since Betty is young, in good health, recently employed at $50 a week, and has encouraged and contributed to the break-up of the marriage, we are limiting her award of alimony to a lump sum of $17,335, secured by a lien upon Dallas' property, which sum is approximately one-third of Dallas' net worth. See Ralston v. Ralston, supra; Heustis v. Heustis, Ky., 346 S.W.2d 778.

■ The record in this case shows that several able attorneys represented each of the party litigants in this heated controversy. After a careful review of the case we are unwilling to hold that the chancellor abused his discretion in allowing the fee in question.

The judgment is affirmed in part and reversed in part with directions to enter a judgment in conformity with this opinion.

WILLIAMS, C. J., and MONTGOMERY, MILLIKEN, PALMORE and STEINFELD, JJ. concur.