Hugh Marshall **LONG**, Appellant,

v.

Shirley Rice **LONG**, Appellee.

Court of Appeals of Kentucky.

June 16, 1967.

James F. Clay, Clay & Clay, Danville, for appellant.

A. Jack May, Danville, for appellee.

OSBORNE, Judge.

This is an appeal from a judgment of the Boyle Circuit Court which granted the appellee Shirley Rice Long an absolute divorce, awarded her the custody of three infant children with $50.00 per week for the maintenance of the children, all household furnishings and $5,000 lump-sum alimony. The only question upon this appeal is the propriety of the alimony award.

Appellant contends that the lump-sum award of $5,000 is an amount in excess of 75% of his estate and is excessive. The appellant is a plumbing and roofing contractor and the evidence concerning his annual income discloses that he earned $7,000 in 1963, $11,000 in 1964, and $13,500 in 1965. However, he testified at the trial that since 1965 his income had decreased and he was now earning $100–$110 per week.

Appellant owns two houses and lots in Boyle County; one was built in 1958 at a cost of between $8,000 and $9,000 at that time. The other was purchased in 1962 at a cost of $16,500. There is presently a mortgage against both of these in the aggregate amount of either $18,500 or $19,000; the proof not being specific. The trial court's findings relative to the appellant's condition are as follows:

"The Court further finds that the defendant owns real estate consisting of two houses in Boyle County and that the combined worth of said two houses according to defendant's testimony is $25,500.00. The Court finds that there is an $18,500 or $19,000 mortgage indebtedness against both pieces of realty, leaving an equity to defendant of $6500.00 or $7,000.00. It appears that defendant is gainfully employed and either had a gross earning of $13,500 during 1965, as he stated in response to a question from his attorney, or around $13,000 net earning as he stated on cross examination. Defendant has his income tax forms at his home but did not produce them. Since defendant admits a net income of $11,000 in 1964 and $13,000 in 1965, it would appear that the court might well find that the defendant is gainfully employed and earns in excess of $10,000.00 per year."

We are of the opinion that the award of $5,000 by the trial court was justified. The size of the husband's estate is not the sole factor in determining the amount of alimony. Willoughby v. Willoughby, Ky., 294 S.W.2d 550; Jones v. Jones, Ky., 382 S.W.2d 842. We have many times held alimony and the method of its payment are matters within the sound discretion of the trial judge and if this discretion is not abused the award must be upheld. The rule was most recently set out in Ballard v. Ballard, Ky., 411 S.W.2d 330 as follows:

"The amount of alimony to be awarded and the method of payment are matters within the discretion of the Chancellor. Hicks v. Hicks, Ky., 290 S.W.2d 483; Boggs v. Boggs, Ky., 330 S.W.2d 118; Ralston v. Ralston, Ky., 396 S.W.2d 775. The exercise of such discretion will not be set aside unless it is shown to be clearly erroneous. Somerville v. Somerville, Ky., 339 S.W.2d 940; Peavy v. Peavy, Ky., 351 S.W.2d 869. An abuse of discretion has not been shown."

We are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

All concur.