**Cona JUSTICE, Appellant,**

**v.**

**Ralph JUSTICE, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

C. B. Creech, Stanley R. Hogg, Ashland, for appellant.

John A. Keck, Grayson, for appellee.

STEINFELD, Judge.

The appellee, Ralph Justice, sued appellant, Cona Justice, for an absolute divorce on the grounds of cruel and inhuman treatment for a period of more than six months. KRS 403.020(3) (b). Cona answered denying the allegations of the complaint but seeking separate maintenance. Later by amendment, she asked for an absolute divorce and based her claim on the same grounds as her husband had stated. She also demanded periodic and lump sum alimony and child support. The court granted Cona an absolute divorce and alimony in the lump sum of $17,433.00 payable in yearly installments of $2,000.00. It also awarded her $150.00 per month as additional alimony and support, but the judgment provided that upon Eddie Justice, a son of the parties, attaining the age of 18 the payments were to be reduced to $100.00 per month and upon the infant child of the parties, Phillip Allen Justice attaining the age of 18 years the payment should be reduced to $50.00 per month. She was also awarded an automobile, household furniture, court costs including $250.00 for the services of an expert witness and a fee for her attorney. Cona appeals from so much of the judgment as relates to the award of lump sum alimony and Ralph cross-appeals from that portion of the judgment which fails to give certain credits in fixing the lump sum of alimony and from the award of the fee for the expert witness. We affirm.

Cona and Ralph had been married for twenty years. The two sons who were born of this marriage and another son born of Cona's previous marriage lived with Cona and Ralph. Ralph was engaged in the grocery business with his brother, William, and had been engaged in other business ventures. Cona complains that the court erroneously found that Ralph owned one-third interest in the grocery business, while the evidence showed that Ralph owned one-half. The controversy rages over

whether Ralph's mother was a partner in the business. There is conflicting testimony on this subject.

██ Ralph cites CR 52.01 which provides that "Findings of Fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." He also cites Buckner v. Buckner, 295 Ky. 410, 174 S.W.2d 695 (1943) and Gates v. Gates, Ky., 412 S.W.2d 223 (1967). The trial court had sufficient evidence to support its findings. It heard the evidence and saw the witnesses, therefore, was in a better position than this court to make the finding of fact. Gates v. Gates, supra. McCormick v. Lewis, Ky., 328 S.W.2d 415 (1959); Wells v. Wells, Ky., 412 S.W.2d 568 (1967). The finding of fact by the trial court may be set aside only if clearly erroneous. CR 52.01, 7 Kentucky Practice, Clay 103. The conclusion which the Chancellor reached is not against the weight of the evidence. Ingram v. Ingram, Ky., 385 S.W.2d 69 (1964). We are unwilling to substitute our decision for his judgment. Stanifer v. Stanifer, Ky., 242 S.W.2d 981 (1951); Hatfield v. Hatfield, Ky., 417 S.W.2d 218 (1967).

██ Cona contends that the trial court erred in valuing the farm at $35,000.00 because the purchase price was $30,000.00 and $27,000.00 had been expended in improvements. While one witness testified to a much greater value than the court found, another witness expressed a much lower value. With this conflicting evidence before the Chancellor we cannot disturb his verdict. (See cases above cited.)

██ Another contention made by Cona is that the award of $17,433.00 alimony payable in annual installments of $2,000.00 is grossly inadequate. Based upon the findings of the Chancellor which we have not disturbed it is our opinion that the award was not erroneous. It is within the percentage range of awards which we have

approved. Ralston v. Ralston, Ky., 396 S.W.2d 775 (1965); Heustis v. Heustis, Ky., 346 S.W.2d 778 (1961); Howard v. Howard, Ky., 412 S.W.2d 243 (1967).

██ Cona claims that she was not awarded a "lump sum" because of the direction that Ralph should pay at the rate of $2,000.00 per year. The award was lump sum although the husband was required to pay it in annual installments. Ballard v. Ballard, Ky., 411 S.W.2d 330 (1967); 24 Am.Jur. 735, Section 614.

██ Ordering a husband to liquidate a lump sum award by making annual payments is within the sound discretion of the Chancellor. Howard v. Howard, supra. Wide discretion has been and should be allowed the trial court in determining how alimony should be paid in light of the particular facts, and the trial court's decision will not be disturbed unless it is manifestly erroneous. Petrie v. Petrie, Ky., 262 S.W.2d 182 (1953); Ralston v. Ralston, supra; Ballard v. Ballard, supra; Long v. Long, Ky., 416 S.W.2d 353 (1967). We consider the circumstances here appropriate for such an arrangement. Ballard v. Ballard, supra; Hall v. Hall, Ky., 380 S.W.2d 231 (1964). The direction of the trial court that Ralph pay the lump sum alimony in yearly installments was not erroneous.

██ On the cross-appeal Ralph alleges that the court should have credited to the lump sum alimony award the value of the furniture and automobile. We have held that furniture, automobiles and other types of tangible property may be considered in fixing the amount of the award. Heustis v. Heustis, supra. We find nothing in the record to indicate that the Chancellor did not consider the value of the furniture and automobile in fixing the monetary award, therefore, there is no merit in this claim.

The other point asserted on the cross-appeal is that the ruling of the Chancellor was in error in taxing $250.00 as cost

against Ralph because Cona had engaged an expert by the name of Robert Smith to appraise the property owned by Ralph. He claims that KRS 453.120 does not embrace the cost of an expert witness. In Walters v. Walters, Ky., 419 S.W.2d 750 (decided October 20, 1967) we held that a part of the expense of two qualified appraisers was properly taxed to the husband as cost. In 24 Am.Jur.2d 698 section 577 it is stated that "a divorce court may make an award to a wife for a variety of expenses connected with the trial or preparation of the case."

We consider it much better practice for the wife to secure the permission of the court prior to incurring expenses which she will claim as costs, however, even without such permission we hold that within the sound reasonable discretion of the Chancellor expenses "con-nected with the trial or preparation of the case" may be allowed under KRS 453.120. We subscribe to the statement appearing in 27A C.J.S. Divorce § 216, p. 937 in which it is said "allowances for attorney's fees and other expenses in divorce proceedings should be made cautiously and only when necessary, the court being under a duty to protect the husband from excessive expenses in litigation by the wife and also to secure to her the opportunity to have her case fully presented." There is nothing to indicate that the expenses incurred in employing the witness in the case now before us were not reasonably necessary for the proper presentation of Cona's case or that the amount of the allowance was unreasonable.

The judgment is affirmed.

All concur.