**William Orville LOGAN, Appellant,**

**v.**

**Sylvia LOGAN, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

Sam F. Kibbey, Ashland, for appellant.

Charles M. Daniels, Greenup, for appellee.

OSBORNE, Judge.

### AFFIRMING

This action was instituted by appellee Sylvia Logan against William Orville Logan requesting a divorce and alimony. The trial court granted the divorce and awarded appellee alimony. The only question upon this appeal is the amount of alimony awarded.

The trial court awarded appellee $13,896.52 or approximately 43% of the total estate of the parties, which amounted to $32,612.85. Appellant contends:

1. The wife was not entitled to alimony in any amount as she is self-supporting and has sufficient estate of her own.

2. If the wife is entitled to alimony, 43% of the total estate is excessive.

3. The trial court erroneously denied appellant the right to introduce proof relative to the value of property after the master commissioner had filed his report.

The pertinent facts concerning the financial situation of the parties are as follows:

Appellant is a man fifty years of age, a welder by trade and at the time of the divorce was employed in Portsmouth, Ohio, earning approximately $9000 a year. Appellee is 41 years of age. She is employed as a receptionist by a local doctor and earns approximately $70 a week. The parties were married on November 4, 1942, and have two surviving children who are both adults. Appellant received head injuries in 1966 as a result of being struck over the head by a burglar. He now contends that these injuries may limit his earning capacity within the near future, although they have not done so to date.

■ The record does not disclose that either of the parties had any appreciable property at the time of the marriage. They now jointly own a 125 acre farm located near Big White Oak, Kentucky, which the commissioner valued at $8000, and a house and lot at South Shore, Kentucky, valued by the commissioner at $6000.

Appellant now has in cash, or money in the bank, $14,982.12. Appellee owns three lots in South Shore, Kentucky, valued at $3,750, with a purchase money lien against them in the amount of $2,419.27. The balance of their assets is made up of automobiles, household furniture, farming equipment and live stock.

During the marriage appellee worked extremely hard in the accumulation of the estate. She has performed heavy farm work in the cultivation and housing of tobacco, cutting timber and tending live stock. It is impossible to say which of the parties made the larger contribution to the accumulation of the estate. Because of this fact, we cannot say that the award of the court was excessive be it deemed alimony or property settlement. The final decree in this case not only terminates a marriage, it in a sense terminates a working partnership in which each of the parties justly should be entitled to share in the proceeds.

■ Appellant cites Heustis v. Heustis, Ky., 346 S.W.2d 778 and Ralston v. Ralston, Ky., 396 S.W.2d 775, 778 in support of his contention that alimony should not exceed approximately ⅓ of the husband's estate. These cases were never intended as anything more than a rough guide line in an average situation. Clark v. Clark, Ky., 425 S.W.2d 745. A just settlement of the property affairs between the husband and wife is the objective of the court. The court cannot ignore the contribution made by each of the parties in the accumulation of the estate. To do so would be to miss the single most controlling factor in arriving at a just decision. To this extent the claims of each party must rise or fall upon their own merits. In this case we do not believe the chancellor's award in terms of dollars in any way exceeded the contribution made by the wife in terms of labor in the building of the estate.

■ As to appellant's contention that the court erred in not reopening the case to permit additional testimony relative to the value of certain property as fixed by the master commissioner, we are of the opinion that the court did not abuse its discretion in this respect. Appellant had ample opportunity to introduce this testimony before the commissioner's report was made. Litigation must be conducted in an orderly manner. Permitting parties to reopen their case after the judgment is in, in order to correct their failures, could protract litigation in-

definitely. Therefore, it should not be permitted except in extraordinary cases to prevent a manifest injustice. The matter of reopening addresses itself to the discretion of the trial court. Burke v. Burke, Ky., 416 S.W.2d 724. In our opinion there was no abuse of discretion in this case.

The judgment is affirmed.

All concur.

PALMORE, Judge (concurring).

I concur in the result, but would distinguish Heustis v. Heustis on the ground that it dealt only with the minimum amount to be awarded. The question of how much would be excessive was not involved. I do not agree that *Heustis* was never intended as anything but a "rough guide line." On the contrary, as a careful reading of it will make clear, it establishes a very precise standard, subject to specified ·exceptions, and if it is to serve any useful purpose upon which the bench and bar can rely, it must be so construed.