**Emma SEXTON, Appellant,**

v.

**Edgar SEXTON et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1968.

Robert L. Dowell, Morris Butler, Greensburg, for appellant.

Clyde Williams, Jr., Campbellsville, Thomas F. Marshall, Frankfort, for appellees.

DAVIS, Commissioner.

In this divorce action the issues disputed on appeal and cross-appeal relate to the disposition of property. The wife has appealed, contending that the trial court erred by rejecting her claim that she owned an undivided half interest in all of the real estate. The husband has cross-appealed, insisting that the allowance of $11,000 as alimony is excessive and contending that an award of $800 as fee to the attorneys for the wife is unwarranted.

The chancellor found from the evidence that a house and lot situated on Coppock Street in Campbellsville, valued at $3,200, is jointly owned by the husband and wife. He found further that the husband owns an undivided one-third interest in a house inherited from his father and fixed the value of that interest at $700. A residence situated on Lebanon Avenue was valued at $11,000 in the chancellor's findings, and two brick rental houses facing Poplar Street were valued at $17,300. There is lien indebtedness affecting the Lebanon Avenue and Poplar Street properties in the approximate sum of $5,900.

The trial judge rejected the claim of the wife that she was entitled to be considered an outright owner of one-half of all the properties. Her claim in this regard was based on evidence in her behalf that she had worked in the tobacco and other crops during the early years of their married life and that for approximately the last seventeen years she has worked in the Union Underwear Plant and earned about $50 per week. It was shown that the couple realized some income from the various rooms and that the wife performed more of the menial tasks necessary to accommodate such patronage than did the husband. Relying on Jackson v. Jackson, Ky., 248 S.W.2d 411, and Roberts v. Roberts, Ky., 268 S.W. 2d 423, the wife insists that she should have

been adjudged to be an equal owner with her husband of all the property and that the property should be sold with equal division of the net proceeds.

It is significant that the trial judge provided in the judgment that the husband could satisfy the $11,000 lump sum alimony award by conveying to the wife the Lebanon Avenue house, along with his undivided interest in the Coppock Street property. The record before us reflects that the husband tendered deeds covering these titles in an effort to comply with the provisions of the judgment, but the wife refused the conveyances.

On the other hand, the husband contends that this case is ruled by Johnson v. Johnson, Ky., 255 S.W.2d 610, insofar as the wife's claim to joint ownership is concerned. Even though the deeds to the properties were held by the husband and wife with right of survivorship, there was ample basis for the trial judge's factual determination that the true owner of the properties is the husband. The wife did not present evidence sufficient to impel a finding by the chancellor that she was a joint owner of all the real estate. Thus, it was proper for the trial court to direct restoration from the wife to the husband as to the jointly held titles as provided by KRS 403.060(2), since it appears that the title she held was acquired during and in consideration of marriage.

The husband maintains that the trial court erred as respects the Coppock Street property in light of the rule as stated in Stubblefield v. Stubblefield, Ky., 327 S.W. 2d 24, and Kivett v. Kivett, Ky., 312 S.W. 2d 884. Those decisions teach that in a true restoration situation the contributing spouse is entitled to have restored the sum contributed without reference to the increase or decrease in market value of property in which the money was invested.

It seems to us that a husband and wife can in some instances become the actual joint owners of property where neither of them may be said to have obtained his or her moiety "from or through the other before or during the marriage and in consideration of the marriage." KRS 403.060(2). See Ritchie v. Ritchie, 311 Ky. 569, 224 S.W.2d 648. We conclude that the chancellor correctly found that these parties had purchased the Coppock Street property as a true joint enterprise without respect to their marital relationship and that no restoration question is presented as respects that property.

The husband contends that the allowance of $11,000 is excessive and insists that no more than one-third of the husband's net estate should have been allowed, relying on Howard v. Howard, Ky., 412 S.W.2d 243; Heustis v. Heustis, Ky., 346 S.W.2d 778; and Ahrens v. Ahrens, 313 Ky. 55, 230 S.W. 2d 73. According to the husband's computations, one-third of his net estate would be $7,925.99. It follows, he maintains, that an allowance of $11,000 is patently excessive. We do not agree. The cases cited, and many others which could be cited, carefully point out that there is no inexorable rule of thumb in alimony cases. The one-third criterion has never been stated as a maximum, and many instances appear where sums greater than one-third have been approved as alimony awards; e. g., Cox v. Cox, Ky., 343 S.W.2d 395; Ingram v. Ingram, Ky., 385 S.W.2d 69; Long v. Long, Ky., 416 S.W.2d 353.

These litigants were married for more than thirty years and reared two children. Both husband and wife worked and accumulated a small estate over which they now bitterly contend. The record suggests that the wife's health has become impaired, and it seems plain that the husband can never afford to pay any substantial regular maintenance. Viewing the entire record and being mindful of the broad discretion vested in the chancellor, we are unable to say that there has been any abuse of discretion in the alimony allowance made. Neither may we say that the factual findings of the chancellor are clearly erroneous.

The husband challenges the adjudication of costs and attorneys' fees against him, based upon KRS 453.120 which provides that the husband shall pay costs in alimony and divorce actions "unless it appears in the action that the wife is in fault and has ample estate to pay the costs." Reliance is had upon Combs v. Combs, 294 Ky. 414, 171 S.W.2d 1001. We think there is no basis for a finding that the present wife has "ample estate of her own." Such estate as she has is not regarded as "ample" within the meaning of the cited statute. We conclude that the chancellor acted within his proper discretion in adjudging the costs including attorney fees against the husband.

The judgment is affirmed on the original appeal and cross-appeals.

MONTGOMERY, C. J., and EDWARD P. HILL, MILLIKEN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.

OSBORNE, J., not sitting.