Katie Mae **TRAUGHBER**, Appellant,

v.

Herschel **TRAUGHBER**, Appellee.

Court of Appeals of Kentucky.

Dec. 6, 1968.

---

1. See Planning & Zoning in Kentucky Research Report, No. 11, 1962, page 31.

G. D. Milliken, Jr., Bowling Green, for appellant.

J. Granville Clark, Russellville, for appellee.

DAVIS, Commissioner.

In this divorce action the wife appeals from the alimony award of $10,000 granted by the trial court and asserts that (1) she is entitled to alimony in a sum not less than one-third of the husband's net estate; (2) she is entitled to alimony even though the divorce was granted to the husband, since she was not wholly at fault and not guilty of moral delinquency.

These litigants were married in 1930 and lived together until their separation in 1967. Two children were born to them, both of whom are fully grown and emancipated. At the time of the marriage, neither of the parties had any appreciable estate. At the time of the separation, they held title by joint deeds to a farm containing about 26 acres, a house and lot on Finn Street in Franklin, and a grocery store situated just over the boundary in Tennessee. Additionally, the husband held in his name certain stocks and bonds, and there were two automobiles and miscellaneous household goods; certain junk-yard property made up the balance of the estate.

The wife presented evidence, through her own testimony and through a real-estate agent, fixing gross values on the property involved at figures ranging from $107,120 to $137,620. The husband's estimates of value, when considered along with some unchallenged value figures concerning the junk yard and two automobiles, fixed the gross property value at $59,500. The trial judge, in his findings of fact, fixed the sum of $63,620 as the gross estate. The trial court also found that the husband had liabilities of $21,682, resulting in a net worth figure of $41,938.

In the findings of fact the trial judge concluded that the wife had been proven guilty of lewd and lascivious conduct. The record contains substantial evidence supporting the trial judge's finding in this regard.

The appellant cites Heustis v. Heustis, Ky., 346 S.W.2d 778; Broida v. Broida, Ky., 388 S.W.2d 617; Porter v. Porter, Ky., 394 S.W.2d 456; and Ralston v. Ralston, Ky., 396 S.W.2d 775, for the proposition that she is entitled to at least one-third of the husband's net estate as a matter of routine. Based on that contention, she asserts that even accepting the chancellor's finding of value the alimony award should have been $13,979. Accompanying that contention is her corollary one that the values as found by the chancellor were inordinately low. Hence, she reasons, the alimony award should have been $28,480.

We are confronted immediately by CR 52.01 which provides that factual find-

ings of the trial judge will not be disturbed unless they are clearly erroneous. Although there was evidence which would have warranted the chancellor's finding a substantially higher value than he did, we are not able to say that the evidence was so overwhelming as to impel such a finding. In that circumstance, we will not disturb the factual finding made by the trial judge in the matter of fixing values.

It is true that in the cases cited by appellant this court has noted that, as a general rule and absent any reasons for holding otherwise, a wife who has fully performed her share of the responsibilities during the substantial portion of the marriage is entitled to alimony in a sum equal to one-third of the husband's net estate.

In cases cited by appellee, such as Ballard v. Ballard, Ky., 411 S.W.2d 330, and Terrell v. Terrell, Ky., 352 S.W.2d 195, we have adverted to the so-called "rule of thumb" of one-third allowance, but have recognized that the rule is not an immutable one and that circumstances may warrant allowances greater or less than one-third. Long v. Long, Ky., 416 S.W.2d 353; Sexton v. Sexton, Ky., 433 S.W.2d 133, decided October 25, 1968. Although we have said that comparative fault is not a criterion for fixing alimony, we have carefully noted that moral delinquency is a particular type of fault which will affect alimony allowances. Coleman v. Coleman, Ky., 269 S.W. 2d 730; Patterson v. Patterson, Ky., 323 S.W.2d 862. It follows that in the case at bar the trial court did not abuse its discretion in fixing the alimony allowance at a sum less than one-third in view of the finding of moral delinquency. We do not conceive that in a case such as here, involving an allowance to the wife *out of the estate accumulated during the marriage,* the wife's moral delinquency is an absolute bar to any allowance. See Legal v. Legal, Ky., 382 S.W.2d 870.

Appellant complains that the trial court ordered her to execute deeds conveying her interest in real estate held jointly by the parties as a condition precedent to the payment of the alimony. In support of this complaint, she asserts that the court exceeded its authority because the husband made no specific claim for restoration of property. We consider this contention meritless in light of CR 54.03 and KRS 403.060(2) and 403.065.

The judgment is affirmed.

All concur.