James H. CASEY, Appellant,

v.

Dorothy W. CASEY, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1969.

William A. Young, Young & Williams, Frankfort, for appellant.

Kinsolving & Kinsolving, Shelbyville, for appellee.

OSBORNE, Judge.

This is an appeal from the property settlement upon a divorce. James H. Casey and Dorothy W. Casey had been married for some 25 years. At the time of the divorce, she owned two farms and they owned the equipment and stock on the farms. They also owned jointly a very nice residence and the furniture in it and two cars, one in his name and one in hers. The trial judge awarded Mrs. Casey all of this property, with the exception of $11,000 and the car in Mr. Casey's name. Mr. Casey appeals.

During their married life, Mr. Casey had farmed various farms which belonged to Mrs. Casey, or which were owned jointly, but purchased with Mrs. Casey's money and a mortgage and paid off from the profits of the farms. There were four farms at one time but two were sold and the proceeds used to satisfy mortgages.

The income from the farming operation was put into one joint account and the proceeds used for living expenses, the farming operation and improvements on the farm.

Mr. Casey had contributed $11,000 that he inherited into the joint account, and at one time borrowed $6000 on his life insurance for living expenses during a period when he was reestablishing a dairy operation.

Mr. Casey now contends that the trial judge should have awarded him more—apparently by allowing him his interest on the farm equipment and stock and in the dwelling house. His primary argument is that the net value of the assets have increased from $100,000 to $194,000 under his management and that he should be allowed a share of this increase.

The chancellor found, and we believe properly, that this increase was due to general rise in prices and the reinvestment of Mrs. Casey's share, as owner, of the income into the farm. He treated the transactions as though Mr. Casey had taken his half of the income and used it to support the family and had used Mrs. Casey's rightful share to improve the farm.

The appellant does not directly attack the chancellor's extensive findings of fact and conclusions of law but argues as if these were irrelevant. The chancellor's findings of fact and law are final unless clearly erroneous. Since the appellant does not point to any error in the findings, there is no reason to reverse. However, we have carefully examined the entire record, the findings and the appellant's brief. We do not believe that the chancellor's findings were clearly erroneous. Scott v. Scott, Ky., 433 S.W.2d 631; Sexton v. Sexton, Ky., 433 S.W.2d 133.

Judgment affirmed.

All concur.