**Mona Mae PURDOM, Appellant,**

v.

**John Neal PURDOM, Appellee.**

Court of Appeals of Kentucky.

June 29, 1973.

Rehearing Denied Sept. 14, 1973.

Samuel S. Boaz, Paducah, for appellant.

Wells Overbey, Murray, for appellee.

STEINFELD, Justice.

Appellee John Neil Purdom sued appellant Mona Mae Purdom to obtain a divorce and for restoration of property. Mrs. Purdom counterclaimed for a divorce, a division of property and for other relief. The case was prepared, tried and submitted under Chapter 403 of the Kentucky Revised Statutes before the amendment which became effective June 16, 1972.[1] Judgment was entered on November 2, 1972, under the provisions of the amendment. The marriage was dissolved (KRS 403.-140), the custody of the children was awarded to the wife, and she was allowed support for them (KRS 403.210). She was also granted maintenance (KRS 403.200), and there was a division of the marital property (KRS 403.190). The wife has appealed. Her brief contains a Statement of Questions Presented which reads, "Is the Trial Court's finding as to the net worth of the parties supported in the evidence and is his division of the estate and Order for child support equitable?" In her argument she says, "It is the valuation of this particular subdivision (a land-development venture of appellee) that is of primary concern in this case." We affirm.

The parties were married on August 8, 1953, after which Mr. Purdom began work in his father's furniture business and Mrs. Purdom was employed as a surgical nurse for approximately ten months, when she left her position to give birth to their first child. In 1956 Mr. Purdom entered into an insurance-agency partnership which prospered, and he was able, from time to time, to invest money in various business enterprises. His evidence indicated that his total net worth at the time of the dissolution of the marriage was $134,184, whereas the evidence adduced by Mrs. Purdom showed his worth at that time to be $596,238. Appellee denies that this latter figure is based on proof of substance. In his findings of fact made pursuant to CR 52.01, the chancellor stated, " * * * that the net worth of the husband is $150,000.00 and that same should be designated as marital property." Mr. Purdom was directed to pay $150 per month for each of the two children until they reach eighteen years of age. Mrs. Purdom was awarded the household furniture, fixtures, equipment and the appliances located in the former residence of the parties, having a value of $12,000; the residence valued at $40,000, which was subject to a mortgage balance of $27,000 which the wife was required to assume; personal effects without a value being fixed; an automobile worth $2,500; separate maintenance of $24,000, payable at the rate of $200 per month for a period of ten years; and she was allowed to retain money paid to her by Mr. Purdom between October 1, 1970, and September 1, 1972, in the amount of $37,202, for a grand total value of $88,702. She was also allowed $7,000 as a fee for her attorney, his expenses of $377, and $1,405 as compensation for the accountant who assisted in determining the financial status of the parties.

■ To establish her husband's worth, the services of Mr. William S. Kester were engaged by Mrs. Purdom. To refute Kes-

I. Acts 1972, Chapter 183.

ter's testimony, the husband called as a witness Mr. Joe T. Thurman. Both of these gentlemen are certified public accountants. Each, in his own way using different methods of evaluation, testified as to the values of the real estate development operations in which Mr. Purdom was engaged. These were speculative ventures, the values of which necessarily were based on opinions; exactness was necessarily absent. The appraisals were as distant apart as those we observe constantly in the multitude of eminent domain cases with which we deal. (8 Kentucky Digest, Eminent Domain, § 150, pp. 380–386). Diversity of opinion as to values existed in Reed v. Reed, Ky., 457 S.W.2d 4 (1970); Singer v. Singer, Ky., 440 S.W.2d 783 (1969); and Walters v. Walters, Ky., 419 S.W.2d 750 (1967). We have followed the rule that although the trial court could have decided that the valuations were lower or higher than the conclusion it reached, we will not disturb its findings unless they were clearly erroneous. CR 52.01. We pointed out in Traugber v. Traugber, Ky., 434 S.W.2d 643 (1968), that there was evidence which would have warranted a finding by the chancellor of a substantially higher value of the husband's estate, but we did not consider the evidence so overwhelming as to impel a different finding, therefore we refused to disturb the judgment. We concede that in the case now before us there was evidence upon which the worth of the husband could have been found to be substantially higher than that determined, however, the proof was not such as to compel the trial court to reach a different result. As to the finding that the " * * * net worth of the husband is $150,00.00 * * *," the judgment will not be disturbed. Justice v. Justice, Ky., 421 S.W.2d 868 (1967); CR 52.01.

■ Appellant states that she cannot tell whether the $24,000, payable at the rate of $200 per month, was maintenance under KRS 403.200 or if it was a division of the marital property under KRS 403.190. In the findings of fact and conclusions of law made pursuant to CR 52.01, there are some statements which we deem it appropriate to relate. After noting that the wife was earning approximately $500 per month, the court stated " * * * she should be able to secure employment for the maintenance of herself." Later it wrote "(t)he court finds it necessary in a division of the marital property, * * * not only for the protection for the wife, but in order that the husband can perform the judgment of the court to require that some payments be made on a monthly basis rather than in a lump sum without possible sacrifice of the property." Only the $24,000 was payable " * * * on a monthly basis * * *." As we pointed out heretofore, the $24,000 was designated as "separate maintenance, which shall be payable at the rate of $200.00 per month for a period of ten years * * *." It was then provided that in the event of the death of the husband during the ten-year period the balance became a lump-sum liability of his estate, but if the wife predeceased the husband the balance was cancelled. In the judgment the court repeated much of what was stated in the findings of fact and conclusions of law which we have referred to and quoted above. We are unable to tell, as was appellant, whether all or a part of the $24,000 was treated as marital property under KRS 403.190 or as maintenance under KRS 403.200. Without such a separation we cannot determine whether or not the wife received that to which she was entitled under these statutes. However, no motion was made in the trial court to correct and clarify the judgment. Since such request was not made in that court, we will not consider this argument. With respect to any request which may be made to interpret the judgment, see Ballew v. Denney, 296 Ky. 368, 177 S.W.2d 152 (1944), and 46 Am.Jur.2d, Judgments, Sec. 72, p. 362.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.