**Dorothy Lorena WRIGHT, Appellant,**

v.

**Edwin August WRIGHT, Appellee.**

Court of Appeals of Kentucky.

Nov. 21, 1969.

Richard D. Oldham, William Katzinski, Oldham, Burroughs & Miller, Louisville, for appellant.

James A. Hubbs, Nicholson & Hubbs, Louisville, for appellee.

PALMORE, Judge.

This is a divorce action in which the wife, Dorothy Lorena Wright, was granted a divorce from her husband, Edwin August Wright. Dorothy appeals, contending that the award of $25,000 alimony, payable in a lump sum of $2,500 and installments of $250 per month until satisfied, is inadequate.

The parties were married in 1935, divorced in 1944, and remarried in 1945. One child was born to the first marriage and three to the second. Two of the latter three children, all of whom are boys, are under the age of 18. In view of Dorothy's physical condition their custody was awarded to Edwin.

Each of the parties graduated from business college. Dorothy was gainfully employed outside the home until 1949, when the first child of the second marriage was born. Though she did not prefer domestic work, thereafter she remained at home, bore two more children, and upheld her end of the marriage until some five or six years ago, when she fell prey to the disease of alcoholism. From then on, of course, her level of effective performance as a wife and mother declined. In granting the divorce to her instead of to Edwin, the chancellor assigned primary blame to Edwin, whom he characterized as the dominant partner, for failing to give or seek aid for Dorothy as she deteriorated under the weight of her drinking problem.

Edwin is 56 years of age and Dorothy is 55. He is an expert in tax matters, pension plans and insurance and works for a corporate employer at a salary which, at the time of the trial, had progressed to $18,000 per annum. His 1967 tax returns showed additional income of some $1,400. At the time of the 1945 marriage the net worth of the family was less than $2,000. At the time of the divorce herein it was $65,000 exclusive of Edwin's pension rights.

Counsel for Dorothy argues that $250 per month "will barely meet her current needs and allow her no opportunity to accumulate an estate to provide for her in her twilight years," and submits that she should be awarded a $4,000 lump sum plus $175 per month until $25,000 has been paid, together with permanent periodic alimony of $200 per month from now until her death or remarriage. For Edwin, quite naturally, it is contended that the award is enough.

It seems to us that this is not the ordinary case in which justice can be accomplished by a fixed sum of alimony. At the beginning of the marriage the wife was an able-bodied woman with a business career before her. She sacrificed that career to the marriage. Now she is an invalid, whether temporarily or permanently remains to be seen. Certainly her capacity to regain a self-supporting status is extremely speculative. We do not think it would be right, after another 7½ years, for her to be cut adrift and left a helpless derelict. Therefore, although the fixed sum of $25,000, payable in the manner specified in the judgment, appears adequate for the time being, we are of the opinion that the chancellor should retain jurisdiction for the purpose of taking another look at the end of the 7½-year period over which the balance is payable, at

which time, depending on the circumstances then prevailing, the question of an open-end award of periodic alimony may be considered and determined.

The judgment is affirmed in part and reversed in part with directions that it be modified in accordance with this opinion.

HILL, C. J., and MILLIKEN, NEIKIRK, REED and STEINFELD, JJ., concur.