John David BRYANT, Appellant,

v.

Mary Elizabeth BRYANT, Appellee.

Court of Appeals of Kentucky.

Nov. 13, 1970.

Creech & Hogg, Ashland, for appellant.

Terry McBrayer, Greenup, Eldon Webb, Ashland, for appellee.

MILLIKEN, Judge.

This appeal concerns the amount of alimony awarded the wife when the husband, the appellant, got the divorce on the ground of cruel and inhuman treatment stemming from his wife's intense jealousy. He was fifty-one and she forty-nine years of age when their childless marriage of twenty-seven years was dissolved. There was no marital infidelity involved on the part of either, but she constantly accused him of it.

The husband was a steelworker whose taxable income before deduction for exemptions was approximately $6,000 in 1967; he netted about $125 a week. The master commissioner estimated his net weekly income from his employment at the steel plant was about the same for 1968. The 201½ acre farm was the principal item in the estate, ten acres of which he inherited and the rest he bought from the other heirs with his earnings from the steel mill. He had some farm equipment, cattle, and miscellaneous property which the commissioner included when appraising his total estate at $36,657. The wife, who was in good health but untrained for any particular vocation, kept house and helped some on the farm, making no cash contribution as such. She has been in domestic employment since the divorce. The chancellor awarded the wife $7,000 in a lump sum and $175 a month alimony, which the husband contends is excessive.

When both a lump sum and periodic payments are adjudged, as is the case here, the fault of the wife in causing a dis-

solution of the marriage must be seriously weighed in determining the amount of alimony. In this case, the false accusations made by the wife against her husband, sometimes to third parties, caused the chancellor to conclude that "* * * she brought on this divorce as it was entirely her fault and that her husband was free of fault." Although fault alone is not a sound criterion for determining alimony, our cases authorizing alimony without regard to the wife's fault have applied only to the allowance of alimony out of the estate accumulated from the income of the husband during the marriage. Legel v. Legel, Ky., 382 S.W.2d 870 (1964); Carter v. Carter, Ky., 382 S.W.2d 400 (1964). In a sense, the award of a lump sum out of the accumulated estate is more like a division of the marital property than an award of alimony. The $175 monthly award, unlimited in time, not only is unauthorized by our decided cases, but also is unfair to the husband when the conduct of the wife has been adjudged the entire cause of the divorce. The future welfare of the husband must not be ignored while trying to protect the welfare of the offending wife. (For the antithesis of the factual situation here, see Wright v. Wright, Ky., 447 S.W. 2d 353 (1969)).

On the other hand, the lump sum awarded here approximates only one-fifth of the accumulated estate, which is less than the one-third ordinary apportionment recognized in Heustis v. Heustis, Ky., 346 S.W. 2d 778 (1961), for application where a marriage of long standing ends in divorce.

■ We conclude that the award to the wife should be based on a fair apportionment of the present value of the property accumulated during the marriage, and if the chancellor finds it would be a hardship on the husband to have to pay it all at once, all or any part of the award can be made payable in installments over a specified period of time, with security as the chancellor deems appropriate. In other words, there may be a lump sum award payable wholly or partially in installments, but not an indefinite or open-end award of periodic alimony.

The judgment is affirmed in part and reversed in part and the cause is remanded for entry of a judgment consistent with this opinion.

All concur.